**Johnny PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–98–378–CR, 13–98–366–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 10, 2000.

Joseph V. Collina, Corpus Christi, for appellant.

George P. Morrill, II, Dist. Atty., Beeville, for State.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice YAÑEZ.

In this consolidated appeal,[1] appellant Johnny Perez challenges the trial court's denial of motions to withdraw his plea of guilty to a murder charge and plea of "true" to a motion to revoke deferred adjudication community supervision, based on his allegation that the State breached its plea agreement. We affirm the trial court's judgment in both causes.

In 1993, Perez pleaded guilty to burglary of a habitation.[2] The trial court accepted his open plea of guilty, deferred adjudication of guilt, and placed him on ten years deferred-adjudication community supervision with a fine of $1,000. The trial court amended the conditions of Perez's community supervision several times over the next several years.[3]

In 1997, Perez was arrested for the offense of murder.[4] On April 2, 1998, a jury found him guilty and the trial court sentenced him to fifty years in the Institutional Division of the Texas Department of

---

1. In our cause no. 13–98–378–CR, Perez appeals from a murder conviction based on a negotiated plea of guilty in trial court cause no. B–97–2122–2–CR–B in the 156 th District Court of Bee County, Texas. In our cause no. 13–98–366–CR, he appeals from revocation of deferred adjudication community supervision on a charge of burglary of a habitation in trial court cause no. B–93–2020–0–CR–B in the 156 th District Court of Bee County, Texas.

2. See Tex. Pen.Code Ann. § 30.02 (Vernon Supp.2000).

3. On the same date Perez was placed on community supervision for the burglary of-

fense, he was placed on ten years supervision (to run concurrently) for unauthorized use of a motor vehicle. Several years later, he was placed on two years community supervision for the offense of driving while intoxicated. The record reflects that three prior motions to revoke had been filed, alleging, inter alia, failure to report, failure to pay, and arrests for driving while intoxicated, resisting arrest, disorderly conduct, and family violence.

4. See Tex. Pen.Code Ann. § 19.02 (Vernon 1994).

Criminal Justice. Thereafter, pursuant to a plea agreement, Perez agreed to plead guilty, waive his right to appeal, and testify in the murder trial of his co-defendant, Juan Casas, in exchange for a reduction of his murder sentence from fifty to twenty-five years. In early May, Perez testified in the murder trial of Juan Casas as agreed. Following the granting of Perez's unopposed motion for new trial, the parties filed a plea agreement on May 21, 1998. The agreement reflected the terms agreed to by the parties, and in accordance with the agreement, the trial court sentenced Perez to twenty-five years. The plea agreement is silent as to any disposition of the burglary offense.

On April 2, 1998, the State filed a motion to revoke Perez's community supervision in the burglary charge, alleging he had violated terms of his community supervision by committing murder. On May 28, 1998, at the revocation hearing, Perez pleaded "true" to the allegation. The State recommended revocation of Perez's community supervision, adjudication of guilt, and a sentence of twenty years, to be served concurrently with the twenty-five-year murder sentence. The trial court,[5] however, declined to follow the State's recommendation, and imposed a twenty-five-year sentence for the burglary offense, to be served *consecutively* with the murder sentence.

Perez filed a motion to withdraw his guilty plea in the murder case and the trial court held a hearing on June 11, 1998. Perez's counsel testified that he represented Perez on the murder charge, but not on the burglary charge, and that his plea negotiations with the State on Perez's behalf did not involve the burglary offense. He testified that Perez had, however, relied on the State's agreement to a twenty-five-year sentence in exchange for his testimony, and that the twenty-five-year "stacked" sentence imposed by a different judge in the burglary case was unfair. The State noted it had recommended a twenty-year concurrent sentence on adjudication for the burglary offense, and argued that it had not violated the agreement. The State argued that the judge's decision to impose a longer "stacked" sentence in the burglary case was "not within [its] control." At the conclusion of the hearing, the trial court overruled Perez's motion to withdraw his plea of guilty to murder.

A week later, on June 18, 1998, a hearing was held on Perez's motion for reconsideration of sentence in the burglary case. Perez's counsel (in the murder case) appeared and argued that his client was entitled to a concurrent sentence, based on his agreement with the State in the murder case, and that imposition of the "stacked" sentence "breached" the agreement. After determining that the plea agreement in the murder case contains no provision or reference to the motion to revoke in the burglary case, the court denied Perez's motion for reconsideration.

Perez contends the trial courts erred in: (1) denying his motions to withdraw his pleas because the pleas were involuntary due to breach of the agreement; (2) denying his motions for specific performance of the plea agreement; and (3) imposing a "stacked" sentence in the burglary case, based on the court's opinion that his sentence in the murder case was too lenient compared to the sentence his co-defendant received. He also claims the errors were "made more egregious" by the fact that the prosecutor in the burglary case had earlier represented Perez in that case.[6]

---

5. Significantly, the judge who presided at Perez's revocation hearing on the burglary offense, Judge Joel B. Johnson, was the same judge who had presided over the murder trial of Juan Casas, and thus had heard Perez's testimony in that case. The judge who approved the plea agreement and imposed sentence in Perez's murder case was Judge Ronald M. Yeager, judge of the 36th Judicial District, sitting in the 156th Judicial District of Bee County.

6. Martha Warner, a prosecutor involved in revoking Perez's community supervision in the burglary case, had initially represented

Finally, he claims error because of a May 6, 1998 change in district court policy (after Perez had testified), which stated that in revocation of community supervision cases, the courts would not be bound by "plea-bargains," and would not any longer allow a plea-bargaining defendant to withdraw a plea of "true" if the court failed to follow such a "bargain."

The State contends we do not have jurisdiction to address this appeal under Texas Rule of Appellate Procedure 25.2(b)(3). The State asserts Perez's general notice of appeal is insufficient because it fails to specify that the appeal is for a jurisdictional defect, that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal. *See* Tex.R.App. P. 25.2(b)(3).

### Cause No. 13098–378–CR: Plea of Guilty to Murder

We begin by addressing the State's argument that we do not have jurisdiction to address the denial of Perez's motion to withdraw his plea of guilty in the murder case.

Perez's motion to withdraw his plea of guilty, denied by the trial court, stated, in relevant part:

> As to the Murder plea of guilty, the defendant did not knowingly and understandingly enter his plea of guilty. He had been promised by the State, and assured by the undersigned attorney, at the time of his plea, that the District Attorney would honor his promises to the accused, and that the District Attorney or his assistants would make sure Defendant's sentences did not exceed twenty-five (25) years.

We construe Perez's claim to be that his guilty plea to murder was involuntary be-

cause the state breached its plea agreement.

Rule 25.2(b)(3) provides that a defendant who pleads guilty or nolo contendere pursuant to a plea agreement must provide notice to appeal the judgment. To appeal, a defendant is required to specify in his notice of appeal that (1) the appeal is for a jurisdictional defect; (2) the substance of the appeal was raised by written motion and ruled on before trial; or (3) the trial court granted permission to appeal. *See* Tex.R.App. P. 25.2(b)(3) (formerly rule 40(b)(1)).

■ Perez's notices of appeal[7] do not contain the extra-notice requirements of rule 25.2(b)(3). Thus, he filed only general notices of appeal. *See Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994).

In interpreting former rule 40(b)(1), the court of criminal appeals has held that an appellant has the substantive right to appeal the voluntariness of his plea. *See Flowers v. State*, 935 S.W.2d 131, 134 (Tex. Crim.App.1996). There is a split of authority among courts of appeals on whether rule 25.2(b)(3) partially overruled *Flowers. See, e.g., Davis v. State*, 7 S.W.3d 695, 696 (Tex.App.—Houston [1st Dist.] 1999) (holding voluntariness claims permissible through general notice of appeal); *Moore v. State*, 4 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (same); *Lowe v. State*, 997 S.W.2d 670, 672 n. 2 (Tex.App.—Dallas 1999, no pet.) (same); *Minix v. State*, 990 S.W.2d 922, 923 (Tex.App.—Beaumont 1999, pet. ref'd) (same); *Price v. State*, 989 S.W.2d 435, 437–38 (Tex.App.—El Paso 1999, pet. ref'd) (same); *Hernandez v. State*, 986 S.W.2d 817, 820 (Tex.App.—Austin 1999, pet. ref'd) (same); *Luna v. State*, 985 S.W.2d 128, 129–30 (Tex.App.—San Antonio 1998, pet. ref'd) (same); *Vidaurri v. State*, 981 S.W.2d 478, 479 (Tex.App.—

---

Perez when he pled guilty in that case. She later withdrew from the representation following her appointment to the district attorney's office.

**7.** Perez filed identical notices of appeal in Cause Nos. 13–98–378–CR and 13–98–366–CR.

Amarillo 1998, pet. granted) (same); *Session v. State*, 978 S.W.2d 289, 291–92 (Tex. App.—Texarkana 1998, no pet.) (same); *Johnson v. State*, 978 S.W.2d 744, 745–46 (Tex.App.—Eastland 1998, no pet.) (same).

By contrast, the Fort Worth and Waco courts have held that rule 25.2(b)(3) overrules *Flowers*. *See Villanueva v. State*, 977 S.W.2d 693, 695–96 (Tex.App.—Fort Worth 1998, no pet.); *Long v. State*, 980 S.W.2d 878, 878 (Tex.App.—Fort Worth 1998, no pet.); *Elizondo v. State*, 979 S.W.2d 823, 824 (Tex.App.—Waco 1998, no pet.).

■■ We believe the majority of the courts of appeals have correctly permitted voluntariness challenges through general notices of appeal. We hold that voluntariness of a plea may be raised by general notice of appeal and thus conclude that we have jurisdiction to address the merits of Perez's voluntariness claim regarding his guilty plea.

Although we have jurisdiction to address Perez's complaint, we find it is without merit. Perez argues his plea of guilty was involuntary because the State "breached" its plea agreement. Similarly, he argues he is entitled to specific performance of the "breached" plea agreement.

The plea agreement provides for a twenty-five-year sentence in exchange for Perez's testimony. Perez received a sentence of twenty-five years in accordance with the agreement. It is undisputed that the agreement makes no reference to the motion to revoke in the burglary charge. The agreement contains a section designated "disposition to run concurrent with cause # (s)_____;" the space next to the designation is blank. Moreover, Perez's counsel admits he "never negotiated with [the State] in any way" about the burglary case. Perez offers no evidence that the agreement was intended to include the burglary offense. Perez's own testimony (on cross-examination at Casas's trial) fur-

8. As noted, the lawyer who represented Perez at the revocation hearing was not the same

ther indicates there was no agreement concerning the burglary charge:

Q [by Casas's counsel]: You're not even worried about these probations you're on; is that right? You got a deal with the State on those?

A [Perez]: On the probations?

Q: Yeah.

A: No, sir, as far as I know they're going to be revoked.

Q: So you might get on top of the 50 or the 25 an additional 20 years?

A: I could.

■ When a trial court accepts a plea agreement, its terms then become binding upon the parties. *See Ex parte Williams*, 758 S.W.2d 785, 786 (Tex.Crim.App.1988). A party to an agreement has no contractual rights to demand specific performance over terms not appearing in the agreement or record. *Id.* We hold that the plea agreement in trial court cause number B–97–2122–2–CR–B was not breached, and that Perez's plea of guilty to the offense of murder was not involuntary. We overrule Perez's first and second points.

### Cause No. 13–98–366–CR; Revocation of Deferred Adjudication Community Supervision in Burglary Offense

■ In his third issue, Perez contends the trial court erred in imposing a twenty-five-year consecutive sentence upon adjudication of guilt in the burglary of habitation case. Perez argues the judge erred by failing to follow the State's recommendation for punishment and by stating he had presided over the trial of Perez's co-defendant and had heard Perez's testimony in that case. At the revocation hearing, the following exchange took place:

[Court]: Then anything else from the defense?

[Perez's counsel]: [8] No.

[Court]: Is there a recommendation?

lawyer who represented him in the murder case and now represents him in this appeal.

[the State]: There is, Your Honor. State would recommend the Defendant's community supervision be revoked and adjudicated guilty for the offense for which he's on probation and sentenced to 20 years Texas Department of Corrections, Institutional Division, that sentence to run concurrent with the sentence currently been [*sic*] imposed against him in Cause Number B–97–2122–2–CR–B.

[Perez's counsel]: That is my understanding, Your Honor. This is the recommendation that we both made.

[Court]: I'm not going to follow that recommendation. Mr. Perez, I heard you testify in the Casas case.

[Perez]: Yes, sir.

[Court]: And I watched Mr. Casas get a life sentence in that case.

[Perez]: Yes, sir.

[Court]: And I'm aware that you got a reduction in your sentence for your assistance in that case.

[Perez]: Yes, sir.

[Court]: But that was that case, and this is this case.

[Perez]: Yes, sir, I understand.

[Court]: I'm going to revoke your community supervision, I'm setting your punishment at 25 years in the Institutional Division, but it's going to be stacked on top of the sentence you're currently serving. You understand?

[Perez]: Yes, sir, I understand.

. . . .

[Perez]: So that means that I will have to be eligible for parole on one and then serve time?

[Court]: I don't really know how they work it, you're going to have to get freed up on your first one before you start serving time on this one.

[Perez]: That's fine.

Neither the State nor the lawyer representing Perez objected to the judge's comments or the sentence.

■ Perez contends the imposition of a twenty-five-year consecutive sentence "annulled" his plea agreement. The record reflects no evidence of a separate plea agreement in the burglary case and no evidence that the plea agreement in the murder case was intended to encompass disposition of the burglary case.[9]

■ Texas Code of Criminal Procedure article 42.12, section 5(b) expressly denies a defendant the right to appeal from a trial court's determination to adjudicate. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2000); *Olowosuko v. State*, 826 S.W.2d 940, 941–42 (Tex.Crim. App.1992). Article 42.12, section 5(b) expressly allows, however, an appeal of all proceedings *after* the adjudication of guilt on the original charge. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2000); *Olowosuko*, 826 S.W.2d at 942. Examples of proceedings after adjudication that may be appealed include the assessment of punishment and the pronouncement of sentence. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2000); *Rodriquez v. State*, 972 S.W.2d 135, 138 (Tex.App.—Texarkana 1998), *aff'd on other grounds*, 992 S.W.2d 483 (Tex.Crim. App.1999).

■ Perez complains of the trial court's rejection of the sentence jointly recommended by his lawyer and the State, and the court's decision to impose a twenty-five-year consecutive sentence based on Perez's testimony in his co-defendant's trial. Thus, Perez complains of proceedings after adjudication of guilt, which may be appealed. *See* TEX.CODE CRIM. PROC. ANN.

9. Because Texas Rule of Appellate Procedure 25.2(b)(3) is only applicable to defendants who plead guilty or nolo contendere *pursuant to a plea agreement, see* TEX.R.APP. P. 25.2(b)(3), and because we have determined that no plea agreement existed with respect to the burglary case, Perez's general notice of appeal is sufficient to confer jurisdiction in that case.

art. 42.12, § 5(b) (Vernon Supp.2000); *Olo-wosuko,* 826 S.W.2d at 942.

Perez was adjudicated guilty of burglary of a habitation, a first degree felony. *See* TEX. PEN.CODE ANN. § 30.02 (Vernon Supp. 2000). The range of punishment applicable for a first degree felony is life or five to ninety-nine years in prison, with a maximum fine of $10,000. *See* TEX. PEN.CODE ANN. § 12.32 (Vernon 1994). Perez received a twenty-five-year sentence, to run consecutively with the sentence imposed in the murder case, a punishment well within the range applicable to the offense for which he was convicted.

Perez cites no authority for his "opinion" that the court's comments concerning the decision to reject the recommended sentence constituted "reversible error." Insufficiently briefed points of error present nothing to review. *See McDuff v. State,* 939 S.W.2d 607, 613 (Tex.Crim.App.1997). We overrule Perez's third issue.

■ In his fourth issue, Perez contends the errors were made more egregious by the actions of the prosecutor and the local Board of Judges. He first complains that Martha Warner, a State prosecutor involved in revoking his deferred adjudication community supervision in the burglary case, had earlier represented him in that same burglary case. The record reflects that Warner represented Perez in February 1993, when he initially pled guilty and was placed on deferred adjudication community supervision for the burglary offense. On March 16, 1995, following her appointment as Assistant District Attorney for Bee County, Warner filed a motion to withdraw as Perez's counsel, which was granted.

■ We find no indication that Perez ever objected to Warner's involvement in the burglary case. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX.R.APP. P. 33.1(a)(1); *Keith v. State,* 975 S.W.2d 433, 433–34 (Tex.App.—Beaumont 1998, no pet.). The record before us does not show that Perez made any such objection to the trial court, and the alleged error was not preserved for review.

Finally, Perez complains of a May 6, 1998 change in district court policy, whereby the local Board of Judges for the district courts, including the 156th District Court, announced that in revocation of community supervision cases, the courts would not be bound by "plea-bargains," and that if a court exceeded a punishment recommendation made by the State, a plea-bargaining defendant would not be permitted to withdraw a plea of "true." Because we have concluded that no plea bargain existed in Perez's burglary case, the courts' change in policy regarding plea bargains in revocation cases had no effect on Perez's case, and we decline to address his claim. *See* TEX.R.APP. P. 47.1. We overrule Perez's fourth issue.

We affirm the trial courts' judgments in Cause Nos. 13–98–378–CR and 13–98–366–CR.