Terriance JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–00–211–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 8, 2001.

---

Frank M. Garza, Corpus Christi, for Appellant.

Carlos Valdez, Dist. Atty., Corpus Christi, for State.

Before Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice DORSEY.

Appellant pleaded guilty to sexual assault of a child. The trial court deferred an adjudication of guilt and placed him on five years' community supervision. The State filed a motion to revoke, alleging appellant failed to report to his probation officer as ordered and failed to pay costs and fees. On March 21, 2000, he pleaded true to the allegations and then presented evidence of good behavior and that he failed to report and pay his fees because he had knee surgery. The State presented evidence that appellant was not excused from reporting. After hearing this evidence the trial court adjudicated him guilty and sentenced him to twenty years in prison.

On March 27, 2000, appellant filed a *pro se* notice of appeal. The clerk's record includes a *pro se* "Motion on Appeal from Conviction,"[1] alleging that appellant was denied effective assistance of counsel at the sentencing hearing because counsel was not adequately prepared, resulting in an excessive sentence.

■ By one issue appellant asserts that he was denied effective assistance of counsel during the thirty-day period for filing a motion for new trial, preventing him from making a record to show that he received ineffective assistance of counsel during the sentencing hearing. Before discussing the merits of this appeal we must first determine our jurisdiction.

■ Article 42.12, section 5(b) of the code of criminal procedure provides in part:

The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from *this determination*. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred....

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.2000) (emphasis added). This section expressly denies a defendant the right to appeal from a trial court's determination to adjudicate. *Perez v. State*, 28 S.W.3d 627, 633 (Tex.App.—Corpus Christi 2000, no pet.). *See Olowosuko v. State*, 826 S.W.2d 940, 941–42 (Tex. Crim.App.1992). However article 42.12, section 5(b) expressly allows an appeal of all proceedings *after* adjudication of guilt on the original charge. *Olowosuko*, 826 S.W.2d at 942; *Perez*, 28 S.W.3d at 633.

In *Smith v. State*, 990 S.W.2d 893 (Tex. App.—Houston [1st Dist.] 1999), *rev'd on other grounds*, 17 S.W.3d 660 (Tex.Crim. App.2000) the First Court of Appeals addressed a jurisdictional issue akin to the one now before us. In that case defendant pleaded guilty to aggravated assault, and the trial court deferred an adjudication of guilt, placing him on community supervision. After a hearing on the State's motion to adjudicate guilt the court found that he violated his community supervision, found him guilty of aggravated assault, and sentenced him to prison. In the court of appeals he argued, *inter alia*, that he was denied the effective assistance of counsel during the time required to file a motion for new trial. The State argued that the appellate court did not have juris-

1. This document does not include a file stamp.

diction because the appeal was from an adjudication of guilt. The appellate court held that although the appeal arose in the context of an adjudication of guilt, it had jurisdiction to consider the defendant's claims under article 42.12, section 5(b), because "[a]ppellant's complaints [did] not arise from the hearing to adjudicate his guilt, but instead [arose] from what he alleges failed to occur after the adjudication." *Id.* at 895.

On the State's petition for discretionary review the court of criminal appeals did not address jurisdiction; rather, it noted the appellate court's basis for jurisdiction and addressed the merits of the appeal. *See Smith,* 17 S.W.3d at 661. In the instant case because appellant's complaint arises from what he alleges failed to occur *after* the adjudication of guilt we hold that we have jurisdiction of this appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.2000); *Perez,* 28 S.W.3d at 633; *Smith,* 990 S.W.2d at 895.

 Turning to the merits of this appeal, when the record does not show that trial counsel withdrew or was replaced by new counsel after sentencing there is a rebuttable presumption that trial counsel continued to effectively represent the accused during the time for filing a motion for new trial. *Prudhomme v. State,* 28 S.W.3d 114, 119 (Tex.App.—Texarkana 2000, no pet.). *See Smith v. State,* 17 S.W.3d 660, 662–63 (Tex.Crim.App.2000). As such when a motion for new trial is not filed in a case there is a rebuttable presumption that the accused was counseled by his attorney regarding the merits of the motion and rejected the option. *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim. App.1998); *Prudhomme,* 28 S.W.3d at 119. This presumption will not be rebutted when there is nothing in the record to suggest otherwise. *Smith,* 17 S.W.3d at 662–63.

In this case counsel represented appellant during the plea of true and sentencing hearing. Counsel did not withdraw and was not replaced by new counsel after sentencing. Thus there is a rebuttable presumption that counsel continued to effectively represent appellant during the time for filing the motion for new trial. *See Prudhomme,* 28 S.W.3d at 119. The facts presented do not rebut this presumption. There is no evidence to show that counsel had abandoned appellant, or that appellant was not counseled by his attorney regarding the merits of a motion for new trial. We therefore assume that appellant considered this option and rejected it. *See Smith,* 17 S.W.3d at 663. Also the fact that appellant filed a *pro se* notice of appeal is evidence that he was informed of at least some appellate rights. *Oldham,* 977 S.W.2d at 363; *Prudhomme,* 28 S.W.3d at 119. We therefore assume, absent a showing in the record to the contrary, that appellant was adequately counseled regarding his right to file a motion for new trial. *Smith,* 17 S.W.3d at 663. While appellant may develop a record by means of habeas corpus proceeding to support an ineffectiveness claim, we hold that appellant has failed to overcome the presumption that he was adequately represented by counsel during the time for filing a motion for new trial. We overrule the issue.

We affirm the judgment.