NUMBER 13-00-211-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


TERRIANCE JONES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Castillo


Opinion by Justice Dorsey



 Appellant pleaded guilty to sexual assault of a child. The trial
court deferred an adjudication of guilt and placed him on five years'
community supervision. The State filed a motion to revoke, alleging
appellant failed to report to his probation officer as ordered and failed to
pay costs and fees. On March 21, 2000, he pleaded true to the
allegations and then presented evidence of good behavior and that he
failed to report and pay his fees because he had knee surgery. The
State presented evidence that appellant was not excused from
reporting. After hearing this evidence the trial court adjudicated him
guilty and sentenced him to twenty years in prison.

 On March 27, 2000, appellant filed a pro se notice of appeal. The
clerk's record includes a pro se "Motion on Appeal from Conviction,"(1)
alleging that appellant was denied effective assistance of counsel at the
sentencing hearing because counsel was not adequately prepared,
resulting in an excessive sentence.

 By one issue appellant asserts that he was denied effective
assistance of counsel during the thirty-day period for filing a motion for
new trial, preventing him from making a record to show that he
received ineffective assistance of counsel during the sentencing hearing. 
Before discussing the merits of this appeal we must first determine our
jurisdiction.

 Article 42.12, section 5(b) of the code of criminal procedure
provides in part:

 The defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may
be taken from this determination. After an adjudication of
guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community
supervision, and defendant's appeal continue as if the
adjudication of guilt had not been deferred. . . .


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000)
(emphasis added). This section expressly denies a defendant the right
to appeal from a trial court's determination to adjudicate. Perez v. State,
28 S.W.3d 627, 633 (Tex. App.--Corpus Christi 2000, no pet.). See
Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex. Crim. App. 1992). 
However article 42.12, section 5(b) expressly allows an appeal of all
proceedings after adjudication of guilt on the original charge. 
Olowosuko, 826 S.W.2d at 942; Perez, 28 S.W.3d at 633.

 In Smith v. State, 990 S.W.2d 893 (Tex. App.--Houston [1st Dist.]
1999), rev'd on other grounds, 17 S.W.3d 660 (Tex. Crim. App. 2000)
the First Court of Appeals addressed a jurisdictional issue akin to the
one now before us. In that case defendant pleaded guilty to aggravated
assault, and the trial court deferred an adjudication of guilt, placing him
on community supervision. After a hearing on the State's motion to
adjudicate guilt the court found that he violated his community
supervision, found him guilty of aggravated assault, and sentenced him
to prison. In the court of appeals he argued, inter alia, that he was
denied the effective assistance of counsel during the time required to file
a motion for new trial. The State argued that the appellate court did not
have jurisdiction because the appeal was from an adjudication of guilt. 
The appellate court held that although the appeal arose in the context
of an adjudication of guilt, it had jurisdiction to consider the defendant's
claims under article 42.12, section 5(b), because "[a]ppellant's
complaints [did] not arise from the hearing to adjudicate his guilt, but
instead [arose] from what he alleges failed to occur after the
adjudication." Id. at 895.

 On the State's petition for discretionary review the court of
criminal appeals did not address jurisdiction; rather, it noted the
appellate court's basis for jurisdiction and addressed the merits of the
appeal. See Smith, 17 S.W.3d at 661. In the instant case because
appellant's complaint arises from what he alleges failed to occur after
the adjudication of guilt we hold that we have jurisdiction of this appeal. 
See Tex Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000);
Perez, 28 S.W.3d at 633; Smith, 990 S.W.2d at 895.

 Turning to the merits of this appeal, when the record does not
show that trial counsel withdrew or was replaced by new counsel after
sentencing there is a rebuttable presumption that trial counsel
continued to effectively represent the accused during the time for filing
a motion for new trial. Prudhomme v. State, 28 S.W.3d 114, 119 (Tex.
App.--Texarkana 2000, no pet.). See Smith v. State, 17 S.W.3d 660,
662-63 (Tex. Crim. App. 2000). As such when a motion for new trial
is not filed in a case there is a rebuttable presumption that the accused
was counseled by his attorney regarding the merits of the motion and
rejected the option. Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim.
App. 1998); Prudhomme, 28 S.W.3d at 119. This presumption will not
be rebutted when there is nothing in the record to suggest otherwise. 
Smith, 17 S.W.3d at 662-63.

 In this case counsel represented appellant during the plea of true
and sentencing hearing. Counsel did not withdraw and was not
replaced by new counsel after sentencing. Thus there is a rebuttable
presumption that counsel continued to effectively represent appellant
during the time for filing the motion for new trial. See Prudhomme, 28
S.W.3d at 119. The facts presented do not rebut this presumption. 
There is no evidence to show that counsel had abandoned appellant, or
that appellant was not counseled by his attorney regarding the merits
of a motion for new trial. We therefore assume that appellant
considered this option and rejected it. See Smith, 17 S.W.3d at 663. 
Also the fact that appellant filed a pro se notice of appeal is evidence
that he was informed of at least some appellate rights. Oldham, 977
S.W.2d at 363; Prudhomme, 28 S.W.2d at 119. We therefore assume,
absent a showing in the record to the contrary, that appellant was
adequately counseled regarding his right to file a motion for new trial. 
Smith, 17 S.W.3d at 663. While appellant may develop a record by
means of habeas corpus proceeding to support an ineffectiveness claim,
we hold that appellant has failed to overcome the presumption that he
was adequately represented by counsel during the time for filing a
motion for new trial. We overrule the issue.

 We affirm the judgment.

 ______________________________

 J. BONNER DORSEY,

 Justice


Publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 8th day of February, 2001.

1. This document does not include a file stamp.