NUMBER 13-00-656-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

KEITHROY PERINON , Appellant,


v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 176th District Court

of Harris County, Texas.

 

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo 

Opinion by Chief Justice Valdez


After violating the terms of his deferred adjudication agreement, appellant, Keithroy Perinon, pleaded "true" to the
allegations made by the State in a motion to adjudicate. The court adjudicated appellant's guilt and sentenced him to ten
years imprisonment. Appellant subsequently filed this appeal. The sole issue in contention is ineffective assistance of
counsel. We dismiss for want of jurisdiction.

Background

In December of 1997, appellant was charged with the felony offense of aggravated sexual assault of a child. On February
10, 1998, appellant filed a motion for community supervision. He confessed to the truth of the aggravated sexual assault
charge and pled guilty at his hearing before the trial court, without a plea bargain. The court deferred adjudication of guilt
and placed Appellant under community supervision for ten years, providing that Appellant followed all conditions of his
probation. 

On March 15, 2000, the State filed a motion to adjudicate guilt. The motion alleged that appellant had violated the terms of
his probation by failing to report to his community supervision officer, by failing to pay his community supervision fee, and
by being found in possession of a controlled substance, namely less than one gram of cocaine. On August 17, 2000,
appellant appeared before the court and pled true to the State's allegations. In spite of the court's persistence in assuring the
appellant he had a right to a hearing on the matter, he repeatedly denied wanting such a hearing. The court then adjudicated
his guilt, imposing a sentence of ten years confinement with the Texas Department of Criminal Justice, Institutional
Division. Appellant subsequently filed a pro se general notice of appeal on August 30, 2000. 

Analysis

 Before we can reach the merits of the case, we must address the State's argument that this court lacks jurisdiction to
consider this appeal from the trial court's determination to adjudicate. Texas Code of Criminal Procedure article 42.12
§5(b) expressly denies a defendant the right to appeal from a trial court's decision to proceed with adjudicating the
defendant's guilt. Tex. Code Crim. Proc. Ann. art. 42.12 §5(b) (Vernon Supp. 2001). The court of criminal appeals in
Olowosuko v. State, held that "[n]o appeal may be taken from [a deferred adjudication] determination [to proceed with an
adjudication of guilt]." Olowosuko v. State, 826 S.W. 2d 940, 942 (Tex. Crim. App. 1992); Williams v. State, 592 S.W. 2d
931, 932 (Tex. Crim. App. 1979) (holding that a court's decision to proceed with an adjudication of guilt is one of absolute
nonreviewable discretion). In Perez v. State, this court found Olowosuko to be binding, stating, "Texas Code of Criminal
Procedure. . .expressly denies a defendant the right to appeal from a trial court's determination to adjudicate." 28 S.W. 3d
627, 633 (Tex. App.-Corpus Christi, 2000, no pet.).

Article 42.12 §5(b) expressly allows, however, an appeal of all proceedings after the adjudication of guilt on the original
charge. Examples of proceedings after adjudication that may be appealed include the assessment of punishment and the
pronouncement of sentence. Perez, 28 S.W. 3d at 633; See alsoJones v. State, 39 S.W. 3d 691, 693 (Tex. App.-Corpus
Christi 2001, no pet.) (holding that a court of appeals has jurisdiction to review claim of ineffective assistance of counsel
occurring after the adjudication of guilt). Appellant does not complain of any error after the adjudication of guilt, but
claims that his attorney did not adequately represent him during his hearing before the trial court to adjudicate his guilt. 
Under Texas Code of Criminal Procedure article 42.12 §5(b), this Court lacks the jurisdiction to address this matter. 

We dismiss this appeal for want of jurisdiction. 



 

ROGELIO VALDEZ

Chief Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 23rd day of August, 2001.