NUMBER 13-03-059-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
WILLIAM FERREIRA,                                                                  Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 377th District Court of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, William Ferreira, pled guilty to unauthorized absence from a community
correctional facility. See Tex. Pen. Code Ann. § 38.113 (Vernon 2003). Pursuant to a plea
bargain, the trial court deferred adjudication and imposed community supervision. See
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004). The State brought a
motion to adjudicate guilt after appellant violated several conditions of his community
supervision agreement. Appellant pled “not true” to the allegations. After a hearing, the
trial court found that the allegations were true and that appellant had committed violations
of his community supervision conditions. The trial court revoked appellant’s community
supervision, adjudicated him guilty, and sentenced him to two years in a state jail and a
fine of $5,000. 
In two issues, appellant contends that: (1) the statutory prohibition on appealing
adjudication hearings violates the Fourteenth Amendment of the United States
Constitution; and (2) his community supervision was revoked unconstitutionally. Both of
these issues relate to the trial court’s determination to adjudicate guilt. We dismiss.
Texas Code of Criminal Procedure article 42.12 § 5(b) provides:On violation of a condition of community supervision . . . , the
defendant may be arrested and detained . . . . The defendant
is entitled to a hearing limited to the determination by the court
of whether it proceeds to adjudication of guilt on the original
charge. No appeal may be taken from this determination. 
After an adjudication of guilt, all proceedings, including
assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant’s appeal
continue as if the adjudication of guilt had not been deferred.
 
Id. (emphasis supplied).
          This rule “expressly denies a defendant the right to appeal from a trial court’s
determination to adjudicate.” Perez v. State, 28 S.W.3d 627, 633 (Tex. App.–Corpus
Christi 2000, no pet.); see Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992). Appeals can be made from all proceedings conducted after the adjudication of guilt
on the original charge, such as assessment of punishment and pronouncement of
sentence, Perez, 28 S.W.3d at 633; see also Jones v. State, 39 S.W.3d 691, 693 (Tex.
App.–Corpus Christi 2001, no pet.), but not from the decision to adjudicate itself. Perinon
v. State, 54 S.W.3d 848, 849 (Tex. App.–Corpus Christi 2001, no pet.). 
          Appellant argues that this law is unconstitutional. However, it is well-settled that
neither the Texas nor United States constitutions mandate any appellate review of state
criminal convictions, and that the state may lawfully limit or deny the right to appeal a
criminal conviction. See Phynes v. Texas, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992)
(specifically finding constitutional the State’s refusal of the right to appeal motions to
adjudicate following a person’s violation of a deferred adjudication agreement). The
appropriate forum for appellant’s argument is the legislature rather than the courts.
          We accordingly dismiss.
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 19th day of August, 2004.