NUMBER 13-03-675-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
IRENIO FLORES,                                                                        Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Irenio Flores, was charged with aggravated assault with a deadly
weapon. See Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon Supp. 2004). Appellant pled
guilty and was sentenced to six years of deferred adjudication and placed on probation. 
The State subsequently filed a motion to revoke probation. At the hearing on the motion,
appellant pled true to all allegations of probation violations. 
The trial court entered a finding that appellant had violated the conditions of his
probation, revoked his probation, and adjudicated guilt. Appellant was found guilty of two
counts of aggravated assault with a deadly weapon and sentenced to seven years’
imprisonment. 
Appellant’s counsel has filed a brief and motion to withdraw in which she concludes
that appellant has no non-frivolous grounds for appeal. See Anders v. California, 386 U.S.
738, 744 (1967). Counsel certifies that she diligently reviewed the complete record and
researched the law applicable to the facts and issues contained therein, and she concludes
that she was unable to find any error which would arguably require a reversal of the trial
court’s sentence. See id.; see also High v. State, 573 S.W.2d 807, 812-13 (Tex. Crim.
App. 1978). Counsel has served a copy of this brief on appellant, accompanied by a letter
informing appellant of his right to review a copy of the reporter’s record and to file a pro se
brief on his own behalf. See Anders, 386 U.S. at 744; see also Stafford v. State, 813
S.W.2d 503, 510 (Tex. Crim. App. 1991). More than thirty days have passed and no pro
se brief has been filed. See Tex. R. App. P. 38.6.  
An Anders brief must provide references to both legal precedent and pages in the
record to demonstrate why there are no arguable grounds to be advanced. High, 573
S.W.2d at 812. Although counsel’s brief does not advance any arguable grounds of error,
it does present a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim.
App. 1974); High, 573 S.W.2d at 812. We conclude counsel’s brief meets the
requirements of Anders. See Anders, 386 U.S. at 744; High, 573 S.W.2d at 812.           Counsel does note in her Anders brief that appellant requested the appointment of
counsel and the filing of an appeal on his behalf because he felt he was “misrepresented”
by his trial counsel on the original plea of guilty. Appellant also contends that there was
no evidence to substantiate his guilt.
The Texas Court of Criminal Appeals has held that:[A] defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding . . . only in appeals taken
when deferred adjudication community supervision is first imposed. 
Certainly it was not the Legislature’s intent . . . to permit two reviews of the
legality of a deferred adjudication order, one at the time deferred adjudication
community supervision is first imposed and another when, and if, it is later
revoked.
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (emphasis added); see
also Daniels v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (“Pursuant to Manuel,
. . . appellant cannot now [after revocation and adjudication] appeal any issues related to
the original deferred adjudication proceeding.”).
          Appellant should have raised these issues relating to his original plea of guilty within
the proper time to file an appeal following the proceeding in which the entry of his plea of
guilty took place. He cannot now raise issues concerning that proceeding. See Manuel,
994 S.W.2d at 661-62. Furthermore, at the entry of his guilty plea, appellant made a
judicial confession of his guilt to the trial court. His confession, which he did not contradict
at the deferred adjudication proceeding, as well as police reports describing the assault
and submitted by the State, constitute evidence to substantiate his guilt. See Tex. Code
Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2004); Jones v. State, 857 S.W.2d 108, 11 (Tex.
App.–Corpus Christi 1993, no pet.). 
          Pursuant to Manuel, appellant can not now appeal based on his counsel’s
performance at the entry of the guilty plea. However, appellant can raise issues regarding
trial counsel’s representation following the determination to adjudicate guilt. See Tex.
Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004); Jones v. State, 39 S.W.3d
691, 693 (Tex. App.–Corpus Christi 2001, no pet.). This Court follows the Strickland two-prong test to determine whether representation was inadequate, meaning that appellant
must show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s errors,
the result of the proceedings would have been different. Strickland v. Washington, 466
U.S. 668, 687 (1984); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus Christi
2000, no pet.). An allegation of ineffective assistance of counsel will only be sustained if
it is firmly founded and the record affirmatively demonstrates counsel’s alleged
ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi 1996,
no pet.). There is also a strong presumption that counsel’s conduct falls within a wide
range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). 
          We have conducted a full and independent review of the record, as is required in
addressing Anders briefs. See Penson v. Ohio, 488 U.S. 75, 80 (1988). We can find no
evidence that would substantiate a claim of ineffective assistance of trial counsel. See
Guzman, 923 S.W.2d at 797. We have also failed to find any other non-frivolous ground
for appeal.
          The judgment of the trial court is affirmed. In accordance with Anders, appellant’s
attorney has asked permission to withdraw as counsel for appellant. See Anders, 386 U.S.
at 744. We grant her motion to withdraw. We further order counsel to notify appellant of
the disposition of this appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).                  
 
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 19th day of August, 2004.