NUMBER
13-04-179-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

SAMMIE LEE LOTT,                                                  Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 377th District Court

                           of
Victoria County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Sammie
Lee Lott, was charged by indictment with the felony offense of aggravated
sexual assault.  See Tex. Pen. Code Ann. ' 22.021 (Vernon 2003).  Pursuant to a plea bargain, the trial court
deferred adjudication and imposed community supervision, a $2,500 fine, 600
hours of community service, and a condition of no contact with the alleged
victim or her mother.  The State
subsequently moved to adjudicate appellant=s guilt alleging numerous violations of appellant=s community supervision.  After conducting a hearing, the trial court
revoked appellant=s community supervision, adjudicated him guilty and
assessed punishment at twenty years imprisonment in the Institutional Division
of the Texas Department of Criminal Justice. 
By two points of error, appellant contends (1) the statutory prohibition
on appealing adjudication hearings violates the Fourteenth Amendment of the
United States Constitution and (2) the trial court violated appellant=s right to due process when it found he failed to
complete his community service hours. 
Both of these issues relate to the trial court's determination to
adjudicate guilt.  We dismiss the appeal.

Texas Code of
Criminal Procedure article 42.12, section 5(b) provides:

On violation of a condition of community supervision
. . . the defendant may be arrested and detained . . . .  The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds to
adjudication of guilt on the original charge. 
No appeal may be taken from this determination.  After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant's appeal continue as if the
adjudication of guilt had not been deferred.

 

Tex.
Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2004-05) (emphasis added).








This section Aexpressly denies a defendant the right to appeal
from a trial court's determination to adjudicate.@  Perez v. State, 28 S.W.3d 627, 633
(Tex. App.BCorpus Christi 2000, no pet.); see Olowosuko v.
State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992).  Appeals can be made from all proceedings
conducted after the adjudication of guilt on the original charge, such as
assessment of punishment and pronouncement of sentence, Perez, 28 S.W.3d
at 633; see also Jones v. State, 39 S.W.3d 691, 693 (Tex. App.BCorpus Christi 2001, no pet.), but not from the
decision to adjudicate itself.  Perinon
v. State, 54 S.W.3d 848, 849 (Tex. App.BCorpus
Christi 2001, no pet.).

Appellant argues
that this law is unconstitutional. 
However, it is well‑settled that neither the Texas Constitution
nor United States Constitution mandates any appellate review of state criminal
convictions and that the state may lawfully limit or deny the right to appeal a
criminal conviction.  See Phynes v.
Texas, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (specifically finding
constitutional the State's refusal of the right to appeal motions to adjudicate
following a person's violation of a deferred adjudication agreement).  The appropriate forum for appellant's
argument is the legislature rather than the courts.

We accordingly
dismiss.

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 14th day of
July, 2005.