**Denise Evans NORTHINGTON,**
**Appellant.**

v.

**The STATE of Texas.**

**No. 700–01.**

Court of Criminal Appeals of Texas.

Oct. 24, 2001.

Greg Westfall, Fort Worth, for Appellant.

Tanya S. Dohoney, Asst. DA, Fort Worth, Matthew Paul, State's Atty., Austin, for Appellee.

### *OPINION*

The opinion of the Court was delivered PER CURIAM.

Appellant pleaded guilty to the offense of possession of a controlled substance by fraud and was placed on deferred adjudication community supervision, pursuant to a plea agreement. Several months later, the trial court adjudicated Appellant's guilt and sentenced her to confinement for five years. Appellant filed a general notice of appeal. The Court of Appeals inquired about the issues Appellant would be raising under the general notice of appeal in this appeal from the adjudication of guilt and assessment of punishment. Appellant argued she could raise jurisdictional issues and an issue about the voluntariness of the guilty plea. The Court of Appeals dismissed the appeal for lack of jurisdiction. *Northington v. State*, 43 S.W.3d 546 (Tex. App.—Fort Worth 2001). The court held that Appellant could not raise those issues on appeal because the notice of appeal did not comply with Tex.R.App.P. 25.2(b)(3)

and because voluntariness of the plea involved the original deferred adjudication proceeding, which could not be raised in the appeal from the adjudication of guilt. *Id.* at 548. Appellant has filed a petition for discretionary review complaining of the Court of Appeals' holdings.

We recently reconsidered the applicability of Rule 25.2(b)(3) to appeals from the adjudication of guilt. *Vidaurri v. State*, 49 S.W.3d 880 (Tex.Crim.App.2001). We also recently reconsidered the appealability of certain matters involving the original deferred adjudication proceeding in an appeal from the adjudication of guilt. *Nix v. State*, 2001 WL 717453 (Tex.Crim.App., No. 793–00, delivered June 27, 2001). In *Nix* we held that an appellant in that situation may appeal a jurisdictional issue, but not the voluntariness of the guilty plea.

The Court of Appeals did not have the benefit of these recent decisions when it issued its opinion. We grant ground one of Appellant's PDR and remand this case to the Court of Appeals for reconsideration in light of *Vidaurri* and *Nix*.