**L.K. WILLIAMS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–258–CR.**

Court of Appeals of Texas,
Fort Worth.

April 25, 2002.

Westfall & Platt, and Greg Westfall, Fort Worth, TX, for Appellant.

Tim Curry, Criminal District Attorney, and Charles M. Mallin, Assistant Criminal District Attorney, Fort Worth, TX, for State.

PANEL D: CAYCE, C.J.; DAY and LIVINGSTON, JJ.

## OPINION ON REMAND

JOHN CAYCE, Chief Justice.

This case is before us on remand for reconsideration in light of the court of criminal appeals' decisions in *Vidaurri v. State*, 49 S.W.3d 880 (Tex.Crim.App.2001) and *Nix v. State*, 65 S.W.3d 664 (Tex.Crim. App.2001).

Appellant L.K. Williams attempts to appeal from the trial court's judgment adjudicating his guilt for the offense of aggra-

vated assault with a deadly weapon. We dismiss the appeal for want of jurisdiction.

### BACKGROUND

On January 3, 2000, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of aggravated assault with a deadly weapon and was placed on five years' deferred adjudication community supervision. On May 3, 2000, the State filed a petition to proceed to an adjudication of guilt, alleging appellant had violated certain conditions of his community supervision. On July 6, 2000, after a hearing, the trial court adjudicated appellant's guilt and assessed punishment at ten years' imprisonment. Following the adjudication proceeding, appellant filed a timely motion for new trial and a general notice of appeal.

We previously dismissed this appeal for want of jurisdiction because appellant's general notice of appeal failed to comply with the requirements of appellate rule 25.2(b)(3). *Williams v. State*, 44 S.W.3d 145, 148–49 (Tex.App.-Fort Worth 2001); *see also* TEX.R.APP. P. 25.2(b)(3) (providing that in appeal from negotiated plea, notice must specify that appeal is for jurisdictional defect, that substance of appeal was raised by written motion and ruled on before trial, or that trial court granted permission to appeal). Upon appellant's petition for discretionary review, the court of criminal appeals reversed this court's judgment and remanded the cause to us for reconsideration in light of its recent opinions in *Vidaurri*, 49 S.W.3d at 880 (addressing applicability of rule 25.2(b)(3) to appeals from adjudication of guilt), and *Nix*, 65 S.W.3d at 667 (addressing appealability of certain matters involving original deferred adjudication proceeding in appeal from adjudication of guilt). *Williams v. State*, 58 S.W.3d 137, 138 (Tex.Crim.App. 2001).

Upon remand, we sent a letter to appellant's counsel informing counsel that we may not have jurisdiction over the appeal and directing him to submit a letter brief explaining a basis for continuation of the appeal, notwithstanding the jurisdictional limitations of rules 25.2(b)(3) and 26.2(a), article 42.12, section 5(b), and *Manuel v. State,* 994 S.W.2d 658 (Tex.Crim.App. 1999). *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2002) (providing that no appeal may be taken from trial court's decision to proceed to adjudication of guilt); TEX.R.APP. P. 25.2(b)(3), 26.2(a)(1)-(2) (providing that notice of appeal must be filed within 30 days, or within 90 days if timely motion for new trial is filed, after date sentence is imposed or suspended in open court); *Manuel,* 994 S.W.2d at 661–62 (holding defendant placed on deferred adjudication community supervision may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication community supervision is first imposed).

■■■ We further informed counsel that, in accordance with *Vidaurri,* a general notice of appeal may be sufficient to invoke our appellate jurisdiction if appellant intends to raise issues unrelated to his conviction. *Vidaurri,* 49 S.W.3d at 885. Additionally, we informed counsel that if appellant intends to raise issues relating to the original deferred adjudication proceeding after his guilt has been adjudicated, the appeal is untimely under appellate rule 26.2 and *Manuel,* unless the error falls within the "void judgment" exception set forth in *Nix. Nix,* 65 S.W.3d at 667.[1]

In appellant's response, counsel states that, after careful review of the record, it is his opinion that there are no "meritorious 'issues unrelated to [appellant's] conviction' that may be presented to this Court" and that "it does not appear to counsel that a meritorious argument could be made that the judgment is void." Nevertheless, counsel requests that he be given the opportunity to submit an *Anders* brief and motion to withdraw and that we afford appellant the opportunity to submit a pro se brief. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## APPELLATE JURISDICTION

■■■ Jurisdiction concerns the power of a court to hear and determine a case. *State v. Riewe,* 13 S.W.3d 408, 410 (Tex. Crim.App.2000); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Appellate jurisdiction is invoked by giving timely and proper notice of appeal. *White,* 61 S.W.3d at 428; *Riewe,* 13 S.W.3d at 410; *Lemmons v. State,* 818 S.W.2d 58, 60 (Tex. Crim.App.1991). Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. *White,* 61 S.W.3d at 428.

Rule 25.2 of the rules of appellate procedure governing perfection of an appeal in a

---

1. In *Manuel,* the court of criminal appeals held that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel,* 994 S.W.2d at 661–62. *Nix* establishes the "void judgment" exception to this rule, which generally implicates a jurisdictional defect. *Nix,* 65 S.W.3d at 667. *Nix* is a misdemeanor case and does not address the applicability of rule 25.2(b)(3). After *Nix,* the court of criminal appeals decided *White v. State,* 61 S.W.3d 424 (Tex.Crim.App.2001), in which it held that in a plea-bargained, felony case, such as this one, even to raise a jurisdictional defect, the appellant must first comply with rule 25.2(b)(3) to invoke our appellate jurisdiction over the appeal. *Id.* at 427–29. Thus, although we informed counsel of the exception set forth in *Nix,* it is not relevant to our disposition of the appeal.

criminal case provides in relevant part as follows:

### 25.2 Criminal Cases.

(a) *Perfection of Appeal.* In a criminal case, appeal is perfected by timely filing a notice of appeal. In a death-penalty case, however, it is unnecessary to file a notice of appeal.

(b) *Form and Sufficiency of Notice.*

(1) Notice must be given in writing and filed with the trial court clerk.

(2) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, and, if the State is the appellant, the notice complies with Code of Criminal Procedure article 44.01.

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, *the notice must:*

(A) *specify that the appeal is for a jurisdictional defect;*

(B) *specify that the substance of the appeal was raised by written motion and ruled on before trial; or*

(C) *state that the trial court granted permission to appeal.*

TEX.R.APP. P. 25.2(a)-(b) (emphasis supplied).

■ As a procedural matter then, to invoke this court's jurisdiction over an appeal from a negotiated guilty plea, a notice of appeal must conform to the mandatory notice requirements of rule 25.2(b)(3). TEX. R.APP. P. 25.2(b)(3); *White,* 61 S.W.3d at 429. These requirements also apply to appeals from a judgment adjudicating guilt when the parties agreed to deferred adjudication community supervision pursuant to a plea bargain agreement at the original

plea proceeding, unless the appellant raises an issue or issues unrelated to his or her conviction. TEX.R.APP. P. 25.2(b)(3); *Woods v. State,* 68 S.W.3d 667, 669 (Tex. Crim.App.2002); *Vidaurri,* 49 S.W.3d at 885.

■ Counsel concedes that there are no meritorious issues unrelated to appellant's conviction that will be raised on appeal; thus, it was necessary for appellant to comply with the mandatory notice requirements of rule 25.2(b)(3) to properly invoke our appellate jurisdiction. Because appellant's notice of appeal does not satisfy rule 25.2(b)(3), his notice fails to confer jurisdiction on this court.

Absent appellate jurisdiction, we can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998); *Olivo,* 918 S.W.2d at 523–25. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP. P. 43.2(f).