# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00173-CR

**Scott Allen Houston, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### NO. 0778649D, HONORABLE SHAREN WILSON, JUDGE PRESIDING

On July 11, 2000, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of aggravated sexual assault of a child and was placed on ten years= deferred adjudication probation. On November 20, 2001, the State filed a petition to proceed to an adjudication of guilt, alleging appellant had violated certain conditions of his probation. On December 17, 2001, appellant pleaded true to certain violations and the court, after hearing from witnesses, adjudicated appellant=s guilt and assessed punishment at life imprisonment. Following the adjudication proceeding, appellant filed a timely motion for new trial, asserting he was deprived of the effective assistance of counsel in connection with the hearing on the petition to adjudicate. After a hearing at which appellant=s counsel testified, the court denied the motion. In a single point of error, appellant urges that the trial court erred in denying the motion for new trial.

Because the notice of appeal does not comply with the notice requirement of rule 25.2(b)(3) of the Texas Rules of Appellate Procedure, we dismiss this appeal for want of jurisdiction.

When a defendant pleads guilty to a felony and the punishment assessed does not exceed that recommended by the prosecutor and agreed to by the defendant, as here, Rule 25.2(b)(3), governing perfection of an appeal in a criminal case, requires that the notice of appeal state that the appeal is for a jurisdictional defect, that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3); *see also Johnson v. State*, Nos. 0956-01 & 0957-01, slip op. at 5, 2002 Tex. Crim. App. LEXIS 150, at *5 (Tex. Crim. App. Sept. 11, 2002); *Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (Rule 25.2(b)(3) limits every appeal in a plea bargain, felony case). These requirements also apply to appeals from a judgment adjudicating guilt when the parties agreed to deferred adjudication probation pursuant to a plea bargain at the original plea proceeding, unless the appellant raises an issue or issues Aunrelated@ to his or her conviction. Tex. R. App. P. 25.2(b)(3); *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); *Vidaurri v. State*, 49 S.W.3d 880, 884 (Tex. Crim. App. 2001); *Williams v. State*, 76 S.W.3d 207, 210 (Tex. App.CFort Worth 2002, no pet.). There are no issues in this appeal unrelated to appellant=s conviction; thus, it was necessary for appellant to comply with the mandatory notice requirements of Rule 25.2(b)(3) to properly invoke our appellate jurisdiction. Because appellant=s notice of appeal does not comply with this rule, his notice fails to confer jurisdiction on this Court.

Absent appellate jurisdiction, we can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 523

2

(Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).


Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   October 10, 2002

Do Not Publish