NO. 07-02-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 28, 2003

_____

JODY LEWIS FORTIER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 42,646-A; HON. DAVID L. GLEASON, PRESIDING

_____

***Memorandum Opinion***

_____

Before JOHNSON, C.J., QUINN, J. and BOYD, S.J.[*]

Appellant Jody Lewis Fortier appeals from a judgment adjudicating his guilt for the offense of burglary of a habitation. In five issues, he attacks the voluntariness of his initial guilty plea and the decision to waive his rights to trial by jury and to confront witnesses. The plea resulted in his receiving deferred adjudication. Each issue before us is founded

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

upon the belief that his plea was involuntary because the range of punishment about which the trial court admonished him was wrong. However, none of the complaints were raised until after appellant violated one or more terms of his community supervision, the State moved to adjudicate his guilt, and the trial court adjudicated his guilt and convicted him. We dismiss the appeal for want of jurisdiction.

When the adjudication of an accused's guilt is deferred and the individual is placed on community supervision, complaints involving the original plea proceeding must be raised on appeal immediately after deferred adjudication is imposed. *Nix v. State,* 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). They cannot be raised thereafter by direct appeal except in one instance. That instance concerns error rendering the judgment void. *Nix v. State,* 65 S.W.3d at 667-68. However, allegations involving the voluntary nature of the initial plea and the effect of improper admonitions on the decision to plea guilty and waive trial is not such error. *Id.* at 669 (mentioning the involuntariness of the initial plea); *Northington v. State,* 58 S.W.3d 137 (Tex. Crim. App. 2001) (concerning the involuntariness of the initial plea). Given this, appellant was obligated to raise the issues now asserted immediately after the adjudication of his guilt was deferred and he was placed on community supervision. Because he did not, we have no jurisdiction over them.

Accordingly, the appeal is dismissed for want of jurisdiction.


Brian Quinn
Justice


2

Do not publish.