NO. 07-02-0139-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 28, 2003


______________________________



JODY LEWIS FORTIER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 42,646-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before JOHNSON, C.J., QUINN, J. and BOYD, S.J. (1)

 Appellant Jody Lewis Fortier appeals from a judgment adjudicating his guilt for the
offense of burglary of a habitation. In five issues, he attacks the voluntariness of his initial
guilty plea and the decision to waive his rights to trial by jury and to confront witnesses. 
The plea resulted in his receiving deferred adjudication. Each issue before us is founded
upon the belief that his plea was involuntary because the range of punishment about which
the trial court admonished him was wrong. However, none of the complaints were raised
until after appellant violated one or more terms of his community supervision, the State
moved to adjudicate his guilt, and the trial court adjudicated his guilt and convicted him. 
We dismiss the appeal for want of jurisdiction.

 When the adjudication of an accused's guilt is deferred and the individual is placed
on community supervision, complaints involving the original plea proceeding must be
raised on appeal immediately after deferred adjudication is imposed. Nix v. State, 65
S.W.3d 664, 667 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.
Crim. App. 1999). They cannot be raised thereafter by direct appeal except in one
instance. That instance concerns error rendering the judgment void. Nix v. State, 65
S.W.3d at 667-68. However, allegations involving the voluntary nature of the initial plea
and the effect of improper admonitions on the decision to plea guilty and waive trial is not
such error. Id. at 669 (mentioning the involuntariness of the initial plea); Northington v.
State, 58 S.W.3d 137 (Tex. Crim. App. 2001) (concerning the involuntariness of the initial
plea). Given this, appellant was obligated to raise the issues now asserted immediately
after the adjudication of his guilt was deferred and he was placed on community
supervision. Because he did not, we have no jurisdiction over them. 

 Accordingly, the appeal is dismissed for want of jurisdiction. 


 Brian Quinn

 Justice 

 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



AN STYLE="font-family: Arial"> In support of its determination, the trial court shall prepare and file its findings and
orders and cause them to be included in a supplemental clerk's record. In addition, the
trial court shall cause a transcription of the hearing to be prepared and included in a
reporter's record. The supplemental clerk's record and reporter's record should be
submitted to the clerk of this court no later than March 14, 2001. 

 It is so ordered. 

 Per Curiam

Do not publish.