COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-134-CR
  
   
JUSTIN 
DAVID ECKRICH                                                        APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Justin David Eckrich appeals his conviction for possession with intent to 
deliver a controlled substance.  In ten points, he contends that the 
information failed to provide him with proper notice of the offense charged; 
that the trial court erred in improperly admonishing him, proceeding on an 
information that did not contain the charge for which he was found guilty, and 
sentencing him for an offense not contained in the information; and that the 
evidence was legally insufficient to support his conviction.  We will 
affirm.
        In 
October 2001, appellant was charged by information with intentionally possessing 
4 grams or more, but less than 400 grams, of 3, 4-theylenedioxy methamphetamine 
with intent to deliver.  As part of a plea agreement, he pleaded guilty to 
the offense as charged in the information and was given deferred adjudication 
and six years’ probation. At the plea hearing, the trial judge admonished 
appellant for possession with the intent to deliver over 4, but less than 400, 
grams of methamphetamine, and appellant testified that he intentionally or 
knowingly possessed 4 grams or more, but less than 400 grams, of 
3-methylenedioxymethamphetamine, commonly known as Ecstasy.
        On 
November 8, 2002, the State filed a motion to proceed to adjudication, alleging 
that appellant had violated the terms of his community supervision by committing 
a second offense of possession of a controlled substance. The State later 
amended its motion, alleging that appellant had also violated the terms of his 
community supervision by using controlled substances and failing to report to 
his probation officer. Appellant subsequently filed an application for a writ of 
habeas corpus to challenge the original judgment and sentence. The trial court 
denied habeas relief, granted the State’s motion to proceed to adjudication, 
found that appellant violated the terms of his probation, and sentenced him to 
five years’ confinement.
        In 
his appeal from the trial court’s denial of habeas relief, appellant argued 
that because 3, 4-theylenedioxy methamphetamine is not listed in the Controlled 
Substances Act (“CSA”) or contained in a penalty group of the CSA, the 
information did not charge the felony offense of possession of a controlled 
substance.  See Ex parte Eckrich, No. 2-04-0133-CR, 2004 WL 
1354074, at *2 (Tex. App.—Fort Worth June 17, 2004, no pet.).  Appellant 
contended that the substance he was alleged to have possessed was not a 
controlled substance but a dangerous drug; consequently, he pleaded guilty to a 
state jail felony under the Dangerous Drug Act rather than a first degree felony 
under the CSA.  Id. He also argued that he was placed on deferred 
adjudication community supervision for a crime with which he was never charged 
and to which he never pleaded guilty.  Id.
        In 
affirming the trial court’s ruling, we held that the information properly 
charged appellant with a first degree felony offense under the CSA, that the 
information did not charge appellant with a violation of the Dangerous Drug Act, 
that the trial court entered judgment against appellant on the information as 
alleged and presented to the court, and that the trial court did not order 
conditions of community supervision for any offense other than that charged in 
the first count of the information, to which appellant pleaded guilty.  Id. 
at *4.
        In 
the present case, appellant contends in his second, third, and ninth points that 
the information failed to provide him with proper notice of the offense charged. 
In his fourth point, appellant contends that the trial court erred in sentencing 
him for an offense not contained in the information. In his fifth point, he 
contends that the trial court erred in proceeding on an information that did not 
contain the charge for which the trial court eventually found him guilty. And in 
his tenth point, appellant contends that the trial court erred in sentencing him 
for a first degree felony rather than a state jail felony as was alleged in the 
indictment. All of these points are rooted in appellant’s argument that the 
information did not charge him with the first degree felony of possession of a 
controlled substance. Because we disposed of that issue when we affirmed the 
trial court’s denial of habeas relief, these points are controlled by the law 
of the case.[2]  Accordingly, we overrule 
appellant’s second, third, fourth, fifth, ninth, and tenth points.  See 
Ex parte Eckrich, No. 2-04-0133-CR, 2004 WL 1354074, at *4.
        In 
his first point, appellant contends that the trial court improperly admonished 
him on the offense charged against him.  In his sixth, seventh, and eighth 
points, appellant contends that there was no evidence to support the offense for 
which he pleaded guilty, the offense for which he was charged, or the offense 
for which he was found guilty.  We will address these points together 
because they all relate to the original plea proceeding.
        Generally, 
a defendant placed on deferred adjudication community supervision may raise 
issues relating to the original plea proceeding, such as evidentiary 
sufficiency, only in appeals taken when deferred adjudication community 
supervision is first imposed.  Manuel v. State, 994 S.W.2d 658, 
661-62 (Tex. Crim. App. 1999); Northington v. State, 76 S.W.3d 203, 205 
(Tex. App.—Fort Worth 2002, no pet.).  To invoke the court of appeals’s 
jurisdiction over issues relating to the original plea proceeding, a defendant 
placed on deferred adjudication community supervision must file notice of an 
appeal within thirty days, or within ninety days if timely motion for new trial 
is filed, after the date his sentence is suspended in open court.  See 
Tex. R. App. P. 25.2(b), 
26.2(a)(1)-(2); White v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 
2001); Northington, 76 S.W.3d at 206.  No appeal may be taken from 
the trial court's decision to proceed to adjudication of guilt.  See 
Tex. Code Crim. Proc. Ann. art. 
42.12, § 5(b) (Vernon 1979).  The general rule controls unless the 
"void judgment" exception applies. See Nix v. State, 65 S.W.3d 
664, 667-68 (Tex. Crim. App. 2001).
        Appellant’s 
first, sixth, seventh, and eighth points relate to the original plea proceeding 
and were raised in an appeal from the trial court's decision to proceed to 
adjudication of guilt, rather than in a timely appeal taken when the trial court 
first suspended appellant’s sentence.  The “void judgment” exception 
does not apply to this case.[3]  Moreover, 
appellant is prohibited from raising issues related to his original plea even 
though he obtained the trial court's permission to appeal.  See Few v. 
State, 136 S.W.3d 707, 715 (Tex. App.—El Paso 2004, no pet. h.).  
Because appellant failed to properly perfect the appeal as to his first, sixth, 
seventh, and eighth points, dismissal of those points is appropriate.  See 
White, 61 S.W.3d at 428; Northington, 76 S.W.3d at 206.  
Accordingly, we dismiss those points and affirm the trial court’s judgment.
  
   
                                                                  PER 
CURIAM
  
  
PANEL 
A:   CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. 
(Retired, sitting by Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The doctrine of the law of the case provides that an appellate court's 
resolution of a question of law in a previous appeal of the same case will 
govern the disposition of the same issue when raised in a subsequent 
appeal.  Howlett v. State, 994 S.W.2d 663, 666 (Tex. Crim. App. 
1999); Duncan v. State, 151 S.W.3d 564, 566 (Tex. App.—Fort Worth 2004, 
no pet. h.).
3.  
Appellant’s judgment is not void because the information satisfied the 
constitutional requisites of a charging instrument, the trial court had subject 
matter jurisdiction over the offense charged, the record reflects evidence to 
support his conviction, and appellant was not an indigent defendant required to 
face criminal trial proceedings without appointed counsel.  See Nix, 
65 S.W.3d at 668; Ex parte Eckrich, No. 2-04-0133-CR, 2004 WL 1354074, at 
*3.