Eckrich v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-134-CR

JUSTIN DAVID ECKRICH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Justin David Eckrich 
appeals his conviction for possession with intent to deliver
 a controlled substance.  In ten points, he contends that the  information failed to provide him with proper notice of the offense charged; that the trial court erred in improperly admonishing him, 
proceeding on an information that did not contain the charge for which he was found guilty, and 
sentencing him for an offense not contained in the information; and that the evidence was legally insufficient to support his conviction.  We will affirm.

In October 2001, appellant was charged by information with intentionally possessing 4 grams or more, but less than 400 grams, of 3, 4-theylenedioxy methamphetamine with intent to deliver.  As part of a plea agreement, he pleaded guilty to the offense as charged in the information and was given deferred adjudication and six years’ probation.  At the plea hearing, the trial judge admonished appellant for possession with the intent to deliver over 4, but less than 400, grams of methamphetamine, and appellant testified that he intentionally or knowingly possessed 4 grams or more, but less than 400 grams, of 3-methylenedioxymethamphetamine, commonly known as Ecstasy. 

On November 8, 2002, the State filed a motion to proceed to adjudication, alleging that appellant had violated the terms of his community supervision by committing a second offense of possession of a controlled substance.  The State later amended its motion, alleging that appellant had also violated the terms of his community supervision by using controlled substances and failing to report to his probation officer.  Appellant subsequently filed an application for a writ of habeas corpus to challenge the original judgment and sentence. 
 The trial court denied habeas relief, granted the State’s motion to proceed to adjudication, found that appellant violated the terms of his probation, and sentenced him to five years’ confinement. 

In his appeal from the trial court’s denial of habeas relief, appellant argued that 
because 
3, 4-theylenedioxy methamphetamine 
is not listed in the Controlled Substances Act (“CSA”) or contained in a penalty group of the CSA, the information did not charge the felony offense of possession of a controlled substance.  
See
 
Ex parte Eckrich
, No. 2-04-0133-CR, 2004 WL 1354074, at *2 (Tex. App.—Fort Worth June 17, 2004, no pet.).  
Appellant contended that the substance he was alleged to have possessed was not a controlled substance but a dangerous drug; consequently, he pleaded guilty to a state jail felony under the Dangerous Drug Act rather than a first degree felony under the CSA.  
Id.
  He also argued that 
he was placed on deferred adjudication community supervision for a crime with which he was never charged and to which he never pleaded guilty.  
Id.

In affirming the trial court’s ruling, we held that the information properly charged appellant with a first degree felony offense under the CSA, that the  information did not charge appellant with a violation of the Dangerous Drug Act, 
that the trial court entered judgment against appellant on the information as alleged and presented to the court, and that the trial court did not order conditions of community supervision for any offense other than that charged in the first count of the information, to which appellant pleaded guilty.  
Id.
 at 
*4.

In the present case, appellant contends in his second, third, and ninth points that the information failed to provide him with proper notice of the offense charged.  In his fourth point, appellant contends
 that the trial court erred in sentencing him for an offense not contained in the information.  In his fifth point, he contends that the trial court erred in proceeding on an information that did not contain the charge for which the trial court eventually found him guilty.  And in his tenth point, appellant contends that the 
trial court erred in sentencing him for a first degree felony rather than a state jail felony as was alleged in the indictment.
  
All of these points are rooted in appellant’s argument that the information did not charge him with the first degree felony of possession of a controlled substance.  
Because we disposed of that issue  when we affirmed the trial court’s denial of habeas relief
, these points 
are controlled by the law of the case.
(footnote: 2)  Accordingly, we overrule appellant’s second, third, fourth, fifth, ninth, 
and tenth points.
  
See
 
Ex parte Eckrich
, No. 2-04-0133-CR, 2004 WL 1354074, at *4.

In his first point, appellant contends that the trial court improperly admonished him on the offense charged against him.  In his sixth, seventh, and eighth points, 
appellant contends that there was no evidence to support the offense for which he pleaded guilty, the offense for which he was charged, or the offense for which he was found guilty. 
 We will address these points together because they all relate to the original plea proceeding.

Generally, 
a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed.  
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); 
Northington v. State
, 76 S.W.3d 203, 205 (Tex. App.—Fort Worth 2002, no pet.).  To invoke the court of appeals’s jurisdiction over issues relating to the original plea proceeding
, a defendant placed on deferred adjudication community supervision 
must file notice of an appeal within thirty days, or within ninety days if timely motion for new trial is filed, after the date his sentence is suspended in open court.  
See
 
Tex. R. App. P. 
25.2(b), 26.2(a)(1)-(2); 
White
 
v. State
, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001)
; 
Northington
, 76 S.W.3d at 206.  No appeal may be taken from the trial court's decision to proceed to adjudication of guilt.  S
ee
 
Tex. Code Crim. Proc. Ann. 
art. 42.12, § 5(b) (Vernon 1979).
  The general rule controls unless 
the "void judgment" exception applies.  
See Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).

Appellant’s first, sixth, seventh, and eighth points relate to the original plea proceeding and were raised in an appeal from the trial court's decision to proceed to adjudication of guilt
, rather than in a timely appeal taken when the trial court first suspended appellant’s sentence.  
The “void judgment”  exception does not apply to this case.
(footnote: 3)  Moreover, appellant is prohibited from raising issues related to his original plea even though he obtained the trial court's permission to appeal
.  
See Few v. State
,  136 S.W.3d 707, 715 (Tex. App.—El Paso 2004, no pet. h.).  
Because appellant failed to properly perfect the appeal as to his 
first, sixth, seventh, and eighth points, dismissal of those 

points is appropriate.  
See White
, 61 S.W.3d at 428;
 Northington, 
76 S.W.3d at 206.  Accordingly, we dismiss those points and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 April 21, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The doctrine of the law of the case provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal.  
Howlett v. State
, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999); 
Duncan v. State
, 151 S.W.3d 564, 566 (Tex. App.—Fort Worth 2004, no pet. h.).

3:
Appellant’s judgment is not void because the information satisfied the constitutional requisites of a charging instrument, the trial court had subject matter jurisdiction over the offense charged, the record reflects evidence to support his conviction, and appellant was not an indigent defendant required to face criminal trial proceedings without appointed counsel.  
See Nix
, 65 S.W.3d at 668
; 
Ex parte Eckrich
, No. 2-04-0133-CR, 2004 WL 1354074, at *3.