COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



HARRY JAMES TACKETT,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00088-CR



Appeal from the


143rd District Court


of Ward County, Texas


(TC# 05-09-4737-CRW)



O P I N I O N


 This is an appeal from a conviction for the offense of sexual assault of a child. The court
assessed punishment at thirty years' imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. We affirm.

I. SUMMARY OF THE EVIDENCE


 On September 9, 2005, pursuant to an agreement with the State, Appellant pleaded guilty to
an information charging him with the offense of sexual assault of a child, and the court placed him
on ten years' deferred adjudication community supervision and a fine of $1,500. Appellant was
required to register as a sex offender. The victim was the daughter of the local police chief. On
October 21, 2005, the State filed its First Amended Motion to Adjudicate Guilt. On March 23, 2006,
the court adjudicated Appellant guilty and assessed punishment at thirty years' imprisonment. At the hearing on the motion to adjudicate guilt, Appellant pleaded true to violating the terms
of his deferred adjudication community supervision. The evidence adduced at the hearing indicated
that Appellant was a resident of New Mexico at the time of his arrest. One of the terms of
Appellant's deferred adjudication was for him to remain in Ward County until his probation could
be transferred to New Mexico. Appellant was scheduled to meet with his probation officer three
days after his release, to process his probation and register as a sex offender. Following his release,
authorities arranged for Appellant to stay at a local motel.

 Appellant's companion, Debra Tackett, joined him at the motel the day after his release. 
Appellant and Tackett both testified that there was a noticeable police presence around the motel
where Appellant was staying. Feeling threatened by the police activity, due to the victim's relation
to the chief of police, Appellant and Tackett left for their home in Carlsbad, New Mexico, without
securing permission from probation officials. On cross-examination, Appellant admitted that,
looking back, his fears were unfounded. Appellant did not return for his appointment with the
probation officer.

II. DISCUSSION


 In Issue One, Appellant asserts that the court erred in adjudicating his guilt and sentencing
him to thirty years' imprisonment by disregarding the testimony that Appellant feared retaliation, and
he had no recourse but to go to his residence in Carlsbad. With regard to the court's adjudication
of guilt, the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from
a trial court's decision to proceed with adjudicating his guilt. Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b); see Stowe v. State, 124 S.W.3d 228, 235 (Tex. App.--El Paso 2003, no pet.). Appeals
can be made from all proceedings conducted after the adjudication of guilt on the original charge,
such as assessment of punishment and pronouncement of sentence, see Stowe, 124 S.W.3d at 235;
Perez v. State, 28 S.W.3d 627, 633 (Tex. App.--Corpus Christi 2000, no pet.), but not from the
decision to adjudicate itself. Perinon v. State, 54 S.W.3d 848, 849 (Tex. App.--Corpus Christi 2001,
no pet.). We are therefore without jurisdiction to address Appellant's contention with regard to the
adjudication of guilt.

 With regard to Appellant's argument regarding sentencing, a trial judge is given wide latitude
to determine the appropriate sentence in a given case. Jackson v. State, 680 S.W.2d 809, 814 (Tex.
Crim. App. 1984); Harvey v. State, 173 S.W.3d 841, 850 (Tex. App.--Texarkana 2005, no pet.). 
Generally, a sentence will not be disturbed as long as it is within the proper range of punishment. 
Jackson, 680 S.W.2d at 814. A trial judge's decision on punishment is reviewed under an abuse of
discretion standard. Id. A trial court abuses its discretion when the decision lies outside the zone
of reasonable disagreement. Apolinar v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

 The trial court did not abuse its discretion. Appellant pleaded guilty to a crime punishable
"for any term of not more than 99 years or less than 5 years." Tex. Pen. Code Ann. § 12.32(a). The
trial court heard the testimony of Appellant and his companion concerning their mitigating
circumstances. There is no evidence that the trial court did not consider their testimony in deciding
upon an appropriate punishment. Appellant's sentence of thirty years' imprisonment is within the
range of proper punishment and within the zone of reasonable disagreement. We find that the
district court did not abuse its discretion in sentencing Appellant to thirty years' confinement. 
Accordingly, we overrule Issue One.

 In Issue Two, Appellant maintains that his original guilty plea was involuntary because the
admonishments were not given orally. We find that we are without jurisdiction to entertain this
contention.

 When the adjudication of an accused's guilt is deferred and the individual is placed on
community supervision, complaints involving the original plea proceeding must be raised on appeal
immediately after deferred adjudication is imposed. Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim.
App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). They cannot be
raised thereafter by direct appeal, except in one instance. That instance concerns error rendering the
judgment void. Nix, 65 S.W.3d at 667-68. However, allegations involving the voluntary nature of
the initial plea and the effect of improper admonitions on the decision to plead guilty and waive trial
are not such errors. Id. at 669 (mentioning the involuntariness of the initial plea); Northington v.
State, 58 S.W.3d 137 (Tex. Crim. App. 2001) (concerning the involuntariness of the initial plea). 
Given these principles, Appellant was obligated to raise the issue he now asserts immediately after
the adjudication of his guilt was deferred, and he was placed on deferred adjudication community
supervision. Because he did not do so, we have no jurisdiction over Issue Two.

III. CONCLUSION


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice


August 9, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)