

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-465-CR

SAMUEL JONES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Samuel Jones attempts to appeal from the trial court's judgment sentencing him to life imprisonment for aggravated robbery with a deadly weapon. We dismiss the appeal for lack of jurisdiction.

Jones's sentence was imposed on October 16, 2008. *See* Tex. R. App. P. 26.2(a)(1). Jones did not file a motion for new trial; thus, his notice of

---

[1] *See* Tex. R. App. P. 47.4.

appeal was due within thirty days— that is, on or before November 17, 2008. *See id*.  Jones did not file his notice of appeal until December 3, 2008.

We sent notice to Jones on December 11, 2008, stating that because of the apparent untimeliness of his appeal, we would dismiss the appeal unless he or any party desiring to continue the appeal responded by December 22 and showed grounds for continuing the appeal.  On December 17, Jones filed a response to our notice, complaining that his appointed counsel had failed to file his notice of appeal in a timely manner.

The lack of a timely notice of appeal deprives this court of jurisdiction. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Williams v. State*, 76 S.W.3d 207, 209 (Tex. App.—Fort Worth 2002, no pet.).  Therefore, because Jones failed to timely file his notice of appeal and failed to provide us with grounds for continuing his appeal, we must dismiss the appeal for want of jurisdiction.[2]  See Tex. R. App. P. 43.2(f).

---

[2] We note that Jones is not without recourse because he may seek an out-of-time appeal by filing a petition for writ of habeas corpus with the court of criminal appeals.  *See, e.g., Ex parte Pinner*, No. AP-75802, 2007 WL 4305516, at *1 (Tex. Crim. App. Dec. 5, 2007) (not designated for publication) (holding that habeas corpus applicant whose attorney had failed to timely file a written notice of appeal was entitled to the opportunity to file an out-of-time appeal to his judgment of conviction); *see generally* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2009