COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-465-CR

 

 

SAMUEL JONES                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 367TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Samuel Jones attempts to appeal from
the trial court=s judgment sentencing him to
life imprisonment for aggravated robbery with a deadly weapon.  We dismiss the appeal for lack of
jurisdiction.








Jones=s
sentence was imposed on October 16, 2008. 
See Tex. R. App. P. 26.2(a)(1). 
Jones did not file a motion for new trial; thus, his notice of appeal
was due within thirty daysCthat is,
on or before November 17, 2008.  See
id.  Jones did not file his notice
of appeal until December 3, 2008.  

We sent notice to Jones on December 11, 2008,
stating that because of the apparent untimeliness of his appeal, we would
dismiss the appeal unless he or any party desiring to continue the appeal
responded by December 22 and showed grounds for continuing the appeal.  On December 17, Jones filed a response to our
notice, complaining that his appointed counsel had failed to file his notice of
appeal in a timely manner.

The lack of a timely notice of appeal deprives
this court of jurisdiction.  See State
v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); Olivo v. State,
918 S.W.2d 519, 522B23 (Tex. Crim. App. 1996); Williams
v. State, 76 S.W.3d 207, 209 (Tex. App.CFort
Worth 2002, no pet.).  Therefore, because
Jones failed to timely file his notice of appeal and failed to provide us with
grounds for continuing his appeal, we must dismiss the appeal for want of
jurisdiction.[2]  See Tex. R. App. P. 43.2(f).   








PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2009











[1]See Tex. R. App. P. 47.4.





[2]We note that Jones is not
without recourse because he may seek an out-of-time appeal by filing a petition
for writ of habeas corpus with the court of criminal appeals.  See, e.g., Ex parte Pinner, No.
AP-75802, 2007 WL 4305516, at *1 (Tex. Crim. App. Dec. 5, 2007) (not designated
for publication) (holding that habeas corpus applicant whose attorney had
failed to timely file a written notice of appeal was entitled to the
opportunity to file an out-of-time appeal to his judgment of conviction); see
generally Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).