COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

 

                                        NO.
 2-09-101-CR

 

 

 

KENDRICK LEE JONES                                                          APPELLANT

 

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

 

                                              ------------

 

 

                                MEMORANDUM OPINION[1]

 

 

                                              ------------








Appellant Kendrick Lee Jones attempts to appeal
the trial court=s judgment sentencing him to ten
years=
imprisonment for robbery.  We dismiss the
appeal for lack of jurisdiction.

The trial court imposed Appellant=s
sentence on November 8, 2007.  Appellant
filed a timely motion for new trial; thus, his notice of appeal was due within
ninety daysCthat is, on or before February
6, 2008.  See Tex. R. App. P.
26.2(a)(1).  Appellant did not file his
notice of appeal until April 8, 2009Cover a
year late.

On April 13, 2009, we notified Appellant that
because of the apparent untimeliness of his appeal, we would dismiss the appeal
unless he or any party desiring to continue the appeal responded by April 23,
2009, and showed grounds for continuing the appeal.  Appellant did not file a response.








The lack of a timely notice of appeal deprives
this court of jurisdiction.  See State
v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); Olivo v. State,
918 S.W.2d 519, 522B23 (Tex. Crim. App. 1996); Williams
v. State, 76 S.W.3d 207, 209 (Tex. App.CFort
Worth 2002, no pet.).  Therefore, because
Appellant failed to timely file his notice of appeal and failed to provide us
with grounds for continuing his appeal, we dismiss the appeal for want of
jurisdiction.[2]  See Tex. R. App. P. 43.2(f).

 

PER
CURIAM

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]We note that Appellant is
not without recourse because he may seek an out-of-time appeal by filing a
petition for writ of habeas corpus with the court of criminal appeals.  See, e.g., Ex parte Pinner, No.
AP-75802, 2007 WL 4305516, at *1 (Tex. Crim. App. Dec. 5, 2007) (not designated
for publication) (holding that habeas corpus applicant whose attorney had
failed to timely file a written notice of appeal was entitled to the
opportunity to file an out-of-time appeal to his judgment of conviction); see
generally Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).