

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-101-CR

KENDRICK LEE JONES                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

---

[1] *See* Tex. R. App. P. 47.4.

Appellant Kendrick Lee Jones attempts to appeal the trial court's judgment sentencing him to ten years' imprisonment for robbery. We dismiss the appeal for lack of jurisdiction.

The trial court imposed Appellant's sentence on November 8, 2007. Appellant filed a timely motion for new trial; thus, his notice of appeal was due within ninety days—that is, on or before February 6, 2008. *See* Tex. R. App. P. 26.2(a)(1). Appellant did not file his notice of appeal until April 8, 2009—over a year late.

On April 13, 2009, we notified Appellant that because of the apparent untimeliness of his appeal, we would dismiss the appeal unless he or any party desiring to continue the appeal responded by April 23, 2009, and showed grounds for continuing the appeal. Appellant did not file a response.

The lack of a timely notice of appeal deprives this court of jurisdiction. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Williams v. State*, 76 S.W.3d 207, 209 (Tex. App.—Fort Worth 2002, no pet.). Therefore, because Appellant failed to timely file his notice of appeal and failed to provide us with

grounds for continuing his appeal, we dismiss the appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 43.2(f).


PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 21, 2009

---

[2] We note that Appellant is not without recourse because he may seek an out-of-time appeal by filing a petition for writ of habeas corpus with the court of criminal appeals. *See, e.g., Ex parte Pinner*, No. AP-75802, 2007 WL 4305516, at *1 (Tex. Crim. App. Dec. 5, 2007) (not designated for publication) (holding that habeas corpus applicant whose attorney had failed to timely file a written notice of appeal was entitled to the opportunity to file an out-of-time appeal to his judgment of conviction); *see generally* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).