Keithroy PERINON, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 13–00–656–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 23, 2001.

Hattie Sewell Mason, Bellaire, for Appellant.

Charles A. Rosenthal Jr., Harris County District Attorney, Calvin A. Hartmann, E. Hamilton Baugh, Harris County Assistant District Attorneys, Houston, for Appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and CASTILLO.

## OPINION

VALDEZ, Chief Justice.

After violating the terms of his deferred adjudication agreement, appellant, Keithroy Perinon, pleaded "true" to the allegations made by the State in a motion to adjudicate. The court adjudicated appellant's guilt and sentenced him to ten years imprisonment. Appellant subsequently filed this appeal. The sole issue in contention is ineffective assistance of counsel. We dismiss for want of jurisdiction.

## Background

In December of 1997, appellant was charged with the felony offense of aggravated sexual assault of a child. On February 10, 1998, appellant filed a motion for community supervision. He confessed to the truth of the aggravated sexual assault charge and pled guilty at his hearing before the trial court, without a plea bargain. The court deferred adjudication of guilt and placed Appellant under community supervision for ten years, providing that Appellant followed all conditions of his probation.

On March 15, 2000, the State filed a motion to adjudicate guilt. The motion alleged that appellant had violated the terms of his probation by failing to report to his community supervision officer, by failing to pay his community supervision fee, and by being found in possession of a controlled substance, namely less than one gram of cocaine. On August 17, 2000, appellant appeared before the court and pled true to the State's allegations. In spite of the court's persistence in assuring the appellant he had a right to a hearing on the matter, he repeatedly denied wanting such a hearing. The court then adjudicated his guilt, imposing a sentence of ten years confinement with the Texas Department of Criminal Justice, Institutional Di-

vision. Appellant subsequently filed a *pro se* general notice of appeal on August 30, 2000.

## Analysis

Before we can reach the merits of the case, we must address the State's argument that this court lacks jurisdiction to consider this appeal from the trial court's determination to adjudicate. Texas Code of Criminal Procedure article 42.12 § 5(b) expressly denies a defendant the right to appeal from a trial court's decision to proceed with adjudicating the defendant's guilt. Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp.2001). The court of criminal appeals in *Olowosuko v. State*, held that "[n]o appeal may be taken from [a deferred adjudication] determination [to proceed with an adjudication of guilt]." *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Williams v. State*, 592 S.W.2d 931, 932 (Tex.Crim.App.1979) (holding that a court's decision to proceed with an adjudication of guilt is one of absolute nonreviewable discretion). In *Perez v. State*, this court found *Olowosuko* to be binding, stating, "Texas Code of Criminal Procedure ... expressly denies a defendant the right to appeal from a trial court's determination to adjudicate." 28 S.W.3d 627, 633 (Tex.App.—Corpus Christi, 2000, no pet.).

Article 42.12 § 5(b) expressly allows, however, an appeal of all proceedings *after* the adjudication of guilt on the original charge. Examples of proceedings after adjudication that may be appealed include the assessment of punishment and the pronouncement of sentence. *Perez*, 28 S.W.3d at 633; *See also Jones v. State*, 39 S.W.3d 691, 693 (Tex.App.—Corpus Christi 2001, no pet.) (holding that a court of appeals has jurisdiction to review claim of ineffective assistance of counsel occurring *after* the adjudication of guilt). Appellant does not complain of any error after the adjudication of guilt, but claims that his attorney did not adequately represent him during his hearing before the trial court to adjudicate his guilt. Under Texas Code of Criminal Procedure article 42.12 § 5(b), this Court lacks the jurisdiction to address this matter.

We dismiss this appeal for want of jurisdiction.