In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-02-185 CR


____________________



WILLIAM K. HARTSFIELD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 82544






 MEMORANDUM OPINION 

 Appellant William K. Hartsfield pleaded guilty to the state jail felony offense of
possession of a controlled substance, cocaine, in an amount of less than one gram. See
Tex. Health & Safety Code Ann. § 481.115(b) (Vernon Supp. 2002). On January 14,
2002, the trial court deferred adjudication of guilt and placed Hartsfield on community
supervision for five years. Approximately four hours later, Hartsfield was arrested for
public intoxication. The State filed a "Motion to Revoke Unadjudicated Probation" the
next day. Subsequently, the trial court held a hearing on the State's motion, revoked
appellant's community supervision, and sentenced him to two years in the state jail division
of the Texas Department of Criminal Justice. With four points of error, Hartsfield appeals
to this court. 

 We summarize appellant's points of error as follows:

Point of Error One:


 Hartsfield's trial attorney was ineffective in allowing Hartsfield's
"uncounseled plea" of "no contest" to public intoxication to result in the 
revocation of probation in the instant case. 


Point of Error Two:


 Hartsfield's trial attorney was ineffective at the hearing on the "State's
Motion to Revoke Unadjudicated Probation" because the attorney did not
seek to have the medical records -- already in the court's file -- entered into
evidence; he did not present expert testimony on Hartsfield's prescribed
medications' side effects; he did not appeal from the no contest plea on the
public intoxication charge; he did not seek to keep the public intoxication out
of evidence; and he did not secure an expert. 


Points of Error Three and Four: 

 

 Hartsfield did not receive fair warning of the terms of probation; further, the
trial court erred by failing to make specific findings on the ground for
revocation. 


Hartsfield cannot now raise error relating to the original plea proceeding in this case, or
in some other case, nor may he appeal the trial court's decision to adjudicate guilt. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)(Vernon Supp. 2002); Manuel v. State,
994 S.W.2d 658, 661 (Tex. Crim. App. 1999); Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999). As the Court of Criminal Appeals has stated, "[W]e have tried
to make clear that, given the plain meaning of Article 42.12, § 5(b), an appellant whose
deferred adjudication probation has been revoked and who has been adjudicated guilty of
the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process." Connolly, 983 S.W.2d at 741. Hartsfield's points of error all relate in one way
or another to the trial court's determination to adjudicate guilt, not to proceedings after
adjudication of guilt, such as assessment of punishment or pronouncement of sentence. 
See art. 42.12, § 5(b); Perinon v. State, 54 S.W.3d 848,849 (Tex. App.--Corpus Christi
2001, no pet.). Consequently, we overrule each point of error. The conviction is
affirmed. 

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on August 7, 2002

Delivered on August 14, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.