11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jose Torres

Appellant

Vs.                   No.
11-02-00169-CR B Appeal from Comanche County

State of Texas 

Appellee

 

   Jose Torres entered a plea of guilty to two
counts of aggravated sexual assault of his nine-year-old stepdaughter.  After hearing the evidence and finding that
there was sufficient evidence to establish appellant=s guilt, the trial court deferred further
proceedings and placed appellant on community supervision for ten years.

The State
filed a motion to proceed with adjudication of guilt.  In the motion, the State alleged that appellant had violated the
provisions of his probation which required that he was not to be in contact
with the victim or the victim=s family, was not to have contact with any child under the age of 17,
was not to reside with any child under the age of 17, was to abstain from the
use of alcohol, and was not to possess any alcoholic beverages.  On May 2, 2002, the trial court heard the
State=s motion to proceed with adjudication.  Appellant entered a plea of true to the
provisions charging that he used and possessed alcohol; and he entered a plea
of not true to the allegations that he had contact with the victim and the
victim=s family, that he had contact with children
under the age of 17, and that he resided with children under the age of
17.  The trial court found appellant
guilty and assessed his punishment at confinement for 5 years and a $1,000
fine.  We affirm.

During the
hearing on the motion to adjudicate, the victim, who was then almost 19 years
of age, testified on cross-examination by the State that she had Asaid some things a long time ago that weren=t true.@  She further testified:

Q:  Now you=re recanting what you said?

 

A:  Yes, I am. 








 

                                                           *    *   
*

 

Q:  Do you understand that when this case went
down he pled guilty to it?

 

A:  Uh-huh.

 

Q:  And that you never said that it wasn=t true, as a matter of fact, you said it was
true several different times, didn=t you.

 

A:  Yes.

 

Q:  And you described in detail what he had done
to you, didn=t you?

 

A:  Yes, I know.  

 

In his
first issue on appeal, appellant contends that his trial counsel was
ineffective when trial counsel failed to properly address the victim=s Arecantation@ and
that trial counsel was ineffective when trial counsel failed to file a timely
motion for new trial to further develop the victim=s Arecantation.@  Appellant also contends that the trial court
erred when it failed to hold a hearing, sua sponte, to determine Aif the victim was a credible witness.@ 
Finally, appellant contends that the trial court erred when it found
violations of conditions that were not shown by the record to have been a part
of appellant=s probation.  

TEX. CODE
CRIM. PRO. ANN. art. 42.12, ' 5 (Vernon Supp. 2003) governs the procedures for deferred adjudication
of guilt.  Specifically, Article 42.12,
section 5(b) provides that no appeal may be taken from the trial court=s decision to proceed with an adjudication of
guilt.  An appeal can be taken only from
issues relating to proceedings after the adjudication of guilt, such as
assessment of punishment and the pronouncement of sentence. Article 42.12,
section 5(b); Perinon v. State, 54 S.W.3d 848 (Tex.App. B Corpus Christi 2001, no pet=n). 

Appellant=s claim that he was not adequately
represented at the hearing to adjudicate his guilt is not appealable.  This issue relates directly to the trial
court=s determination to proceed with
adjudication.  Under these
circumstances, a direct appeal is not the proper form of relief for a claim of
ineffective assistance of counsel.  Phynes
v. State, 828 S.W.2d 1 (Tex.Cr.App.1992).  









Appellant
also claims that he received ineffective assistance of counsel because trial
counsel failed to timely file a motion for new trial.  This issue on appeal does not relate to the determination of
adjudication but, rather, relates to proceedings occurring after the
adjudication of guilt, and it is appealable. 
Smith v. State, 17 S.W.3d 660 (Tex.Cr.App.2000).  When the record does not show that trial
counsel withdrew or was replaced, a rebuttable presumption arises that trial
counsel continued to represent the defendant effectively during the 30-day
period provided for a defendant to file a motion for new trial  There is also a rebuttable presumption that,
when a motion for new trial is not filed, the defendant was counseled by an
attorney regarding the merits of a motion for new trial, and the defendant
rejected the option.  Jones v. State,
39 S.W.3d 691 (Tex.App. B Corpus Christi 2001, no pet=n).

Here, the
record indicates that appellant was represented at all times during the period
in which a defendant must file a motion for new trial.  Appellant has not rebutted the above
presumptions.  We presume that trial
counsel effectively represented appellant after the sentencing and that
appellant=s retained counsel on appeal effectively
represented appellant after trial counsel withdrew.  Appellant was provided counsel at all critical stages of his
prosecution.  See Prudhomme v.
State, 28 S.W.3d 114 (Tex.App. B Texarkana 2000, no pet=n)(order abating case).  We
overrule appellant=s
first issue on appeal. 

Appellant=s second issue on appeal directly relates to
the trial court=s determination to adjudicate guilt.  Appellant claims that, after it heard the
victim Arecant,@ the trial court should have granted a new trial on its own
motion.  As we have explained, the trial
court=s decision to proceed with adjudication of
guilt is not reviewable by this court. 
Article 42.12, section 5(b).  We
overrule appellant=s
second issue on appeal. 

In his
third issue, appellant contends that the provisions prohibiting him from
contacting the victim or the victim=s family, prohibiting him from having contact with any child under the
age of 17, and prohibiting him from residing with any child under the age of 17
were not part of the original order deferring adjudication.  Therefore, appellant argues that the trial
court could have found him in violation of only the provisions against using
and possessing alcohol and that punishment of five years for these violations
constitutes cruel and unusual punishment. 
We disagree. 








The record
before this court contains an order amending the terms of appellant=s community supervision to include those
conditions about which appellant complains. 
Therefore, it was proper for the trial court to find that appellant had
violated all five provisions of his community supervision as set forth in the
motion to proceed with adjudication. 
Further, when a trial court adjudicates a defendant=s guilt after having previously deferred
adjudication, the entire range of punishment is open to the court.   McCoy v. State, 81 S.W.3d 917
(Tex.App. B Dallas 2002, pet=n ref=d).  Proceedings following an
adjudication of guilt, including the assessment of punishment, continue as if
adjudication of guilt had never been deferred. 
Article 42.12, section 5(b).  The
punishment range for aggravated sexual assault, a first degree felony, is
confinement for a term of not more than 99 years or less than 5 years and a
fine not to exceed $10,000.  TEX. PENAL
CODE ANN. ' 12.32 (Vernon 2003).  The trial court did not err when it assessed
punishment at confinement for 5 years and a $1,000 fine.  We overrule appellant=s third issue on appeal.      

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright, J., and

McCall, J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.