NO. 07-03-0034-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 1, 2003

_____

RICKY DALE FORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 84,758; HON. LAYNE WALKER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant Ricky Dale Ford appeals from an order adjudicating him guilty of the offense of burglary of a building. He contends that the trial court erred in adjudicating him guilty and sentencing him to prison because he had a reason for failing to abide by a condition of his community supervision. We dismiss the appeal for want of jurisdiction.

The record discloses that the trial court deferred adjudicating appellant's guilt for the charged offense, *i.e.* burglary of a building. It also placed him on community supervision for a period of ten years. However, the trial court ordered him to attend a drug counseling course as a condition of his supervision. Because he failed to complete the course as ordered, the State moved to adjudicate appellant's guilt. Appellant pled true to the allegation that he did not complete the program. However, he attempted to justify his conduct by alleging that his supervisor sexually harassed him. Despite this contention, the trial court granted the State's motion, adjudicated appellant guilty for the offense of burglarizing a building, and sentenced him to prison. Now, appellant argues that the trial court erred in rejecting his excuse.

In arguing that he had a reason for violating the condition of his community supervision and therefore should have been allowed to remain on probation, appellant actually attacks the trial court's decision to adjudicate his guilt. Statute prohibits us from reviewing that decision on appeal, however. TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(b) (Vernon 2003); *Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). Thus, we have no jurisdiction to entertain appellant's complaint and must dismiss the cause. *Connolly v. State,* 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); *Perinon v. State,* 54 S.W.3d 848, 849 (Tex. App.--Corpus Christi 2001, no pet.); *Jarour v. State,* 923 S.W.2d 174 (Tex. App.--Fort Worth 1996, no pet.).

Accordingly, the appeal is dismissed.

Brian Quinn
Justice

Do not publish.

2