NUMBER 13-04-563-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

DANNY RAY WYNN,                                                                       Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 36th District
Court of San Patricio County, Texas.

 

MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Garza

 

Appellant, Danny Ray Wynn, challenges his conviction
for possession of a controlled substance by two issues.  The State maintains that this Court is barred
by the code of criminal procedure from addressing the issues raised by
appellant because they involve the trial court=s
decision to revoke community supervision and to proceed with an adjudication of
guilt.  We agree.








Texas Code of Criminal Procedure article 42.12, ' 5(b) expressly denies a defendant the right to
appeal from a  trial court=s decision to proceed with adjudicating the
defendant=s guilt.  Tex. Code Crim. Proc. Ann. art. 42.12 ' 5(b) (Vernon Supp. 2005).  Appeals can be made from all proceedings
conducted after the adjudication of guilt on the original charge, such as
assessment of punishment and pronouncement of sentence, Perez v. State,
28 S.W.3d 627, 633 (Tex. App.CCorpus Christi 2000, no pet.); see also Jones v.
State, 39 S.W.3d 691, 693 (Tex. App.CCorpus Christi 2001, no pet.), but not from the
decision to adjudicate itself.  Perinon v. State, 54 S.W.3d 848, 849 (Tex.
App.CCorpus Christi 2001, no pet.).  Thus, although appellant may appeal the final
judgment of conviction, this Court cannot review claims of error regarding the
trial court=s decision to proceed with an adjudication of
guilt.  Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App.  1999).

The two issues raised by appellant challenge the
trial court=s decision to revoke community supervision and to
proceed with an adjudication of guilt. 
Appellant=s first issue is that the trial court abused its
discretion by denying Aappellant=s claim that the prosecution failed to use due
diligence in prosecuting the motion to revoke community supervision.@  According to
appellant, there is no evidence that the State used due diligence to apprehend
appellant and to have the allegations in the motion to revoke heard and
determined by the trial court.  The Court
of Criminal Appeals has held that, in cases such as this, the points of error
dealing with due diligence must be dismissed by the court of appeals without
addressing or reaching their merits.  Id.  Accordingly, appellant=s first issue must be dismissed.     








In his second issue, appellant contends that he was
denied effective assistance of counsel during the hearing on the State=s motion to revoke. 
In Perinon, this Court specifically held that, under article
42.12, ' 5(b), no direct appeal could be made regarding the
effectiveness of counsel=s representation during a revocation
proceeding.  Perinon, 54 S.W.3d at
849.  Appellant=s second issue is therefore dismissed. 

The judgment of the trial court is affirmed.       

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 13th day of April, 2006.