No. PD-0873-15

| Richard Lee Maza | § | Austin, Texas |
| v. | § | Court of Criminal Appeals |
| State of Texas | § | In Texas |

# Maza's Petition for Discretionary Review (Oral Argument Requested)

## Identification of Judge, Parties, and Counsel

Trial Judge: Honorable Starr Boldrick Bauer

Appellant: Richard Lee Maza

The Other Party: State of Texas

Appellate Counsel for Appellant on Appeal and on Application for PDR:
Bob Mabry
Bob Mabry Attorney at Law PLLC
304 North Main Street, Office Six
Conroe, Texas 77301-3002

Appellate Counsel for Appellant on Appeal and on Application for PDR
Joshua Zientek
504 W. Lewis St.
Conroe, Texas 77301-2527

Trial Counsel for Appellant: Steve Fischer
139 Ocean Drive
Rockport, Texas 78382

RECEIVED IN
COURT OF CRIMINAL APPEALS

August 17, 2015

ABEL ACOSTA, CLERK

i

Trial and Appellate Counsel for the State:    Samuel Boyd 'Sam' Smith Jr.
Assistant District Attorney, 36th
        Judicial District
        Court
P.O. Box 1393
Sinton, TX 78387


Michael Welborn
District Attorney, 36th Judicial
        District Court
P.O. Box 1393
Sinton, TX 78387

# Table of Contents

Table of Contents..............................................................................................iii

Index of Authorities.................................................................................. iv-v

Statement Regarding Oral Argument…………………………………………..1

Statement of the Case ..................................................................................1

Statement of Procedural History…………..………………………………………2

Grounds for Review.....................................................................................1, 2

Argument ........................................................................................................2

Prayer for Relief………………………………………………………………..3

Certificate of Service ..................................................................................13

Certificate of Compliance……………………………………………………14

Appendix…...…………………………………………………………….………..4

# Index of Authorities

Cases

*Alvarez v. State*, 13-11-00773-CR (Tex.App.--Corpus Christi 2012)..................8

*Bradfield v. State*, 42 S.W.3d 350, 353 (Tex.App.—Eastland 2001, pet. ref'd) ...7

*Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997)..............................10

*Curry v. State*, 910 S.W.2d 490, 497 (Tex.Crim.App. 1995) ..............................10

*Dunn v. State*, 997 S.W.2d 885, 891-92 (Tex.App.—Waco 1999, pet. ref'd).......7

*Ex Parte Brown*, 205 S.W.3d 538 (Tex.Crim.App. 2006) ....................................9

*Furman v. Georgia*, 408 US 238, 239 (1972) ........................................................5

*Garcia v. State*, 887 S.W.2d 846 (Tex.Cr.App.1994)..............................11

*Garza v. State*, PD-1596-12,    (Tex.Crim.App. 2014) .................................. 11, 12

*Gray v. State*, 134 S.W.3d 471 (Tex.App.—Waco 2004) ........................................9

*Harmelin v. Michigan*,111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)............................6

*Hicks v. State*, 15 S.W.3d 626, 632 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd) ................................................................................................................7

*Hill v. State*, 493 S.W. 2d 847, 849 (Tex. Cr. App. 1973)........................................6

*Jackson v. State*, 989 S.W.2d 842, 845 (Tex.App.—Texarkana 1999, no pet.).....7

*Lackey v. State*, 881 S.W.2d 418, 421 (Tex.App.—Dallas 1994, pet. ref'd) .........7

*Layton v. State*, 280 S.W.3d 235, 238-39 (Tex.Crim.App.2009).........................10

*Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993)................................10

*Mathews v. State*, 918 S.W.2d 666, 669 (Tex.App.—Beaumont 1996, pet. ref'd) ..............................................................................................................................7

*Mayer v.   State*, 309 S. W. 3d 552 (Tex.Crim.App.2010) ....................................4

*McGruder v. Puckett*, 954 F. 2d 313 (5th Cir.).................................................6,7

*Moore v. State*, 54 S.W.3d 529, 542 (Tex.App.—Fort Worth 2001) ....................7

*Osborne v. State*, 845 S.W.2d 319 (Tex.App. —Houston [1 Dist.] 1992) ............9

*Puga v. State*, 916 S.W.2d 547, 549-50 (Tex.App.—San Antonio 1996, no pet.)7

*Perinon v. State*, 54 S.W.3d 848 (Tex.App.--Corpus Christi 2001).....................9

*Reed v. Ross*,   468 U.S. 1, 15-16 (1984)........................................................ 11, 12

*Rezac v. State*, 782 S.W.2d 869 (Tex.Cr.App.1990)............................................10

*Roberts v. State*, 327 S.W. 3d 880, 883 *(Tex.App. - Beaumont 2010)*.....................4

*Saldano v. State*, 70 S.W.3d 873, 887 (Tex.Crim.App.2002) ..............................10

*Solem v. Helm*, 463 U.S. 277, 290 (1983) ............................................................6, 7
*Trevino v. State*, 174 S.W.3d 925 (Tex.App.--Corpus Christi 2005) ....................9
*Weems v. United States.*, 217 U.S. 349 (1910) ........................................................6

Statutes

Texas Code of Criminal Procedure Article 26.5 (g)..........................................4
Tex. Const. Art. 1 §13. ........................................................................................6

Rules

Tex. Penal Code § 22.021(e)................................................................................8
Tex. Penal Code §12.32 ......................................................................................8
Tex. R. App. P. 33.1(a)(1)(A)............................................................................10

To the Court of the Court of Criminal Appeals of Texas:

# Statement Regarding Oral Argument

You may or may not find that Maza's treatment by the trial court was inequitable and unjust— he received a 35-year sentence after having completed approximately six and a half years of deferred adjudication probation out of seven for having improperly touched a post-pubescent girl who was more than three years younger than Maza when he was in his twenties. At his motion to adjudicate three violations were demonstrated:

1. Over the years he had two dirty urinalyses for alcohol. In one he admitted to drinking a beer with a relative and an examination of the incident showed that, in fact, he had had only the single beer.

2. The other dirty urinalysis he could not account for. He affirmed and continues to affirm that he has no idea why any alcohol in his system and denies drinking. Out of the approximately 70 UAs, those were his two dirty ones.

3.  He was implicated in benefiting in a scheme in which the manager of a small grocery store admitted to marking pieces of meat at commercially unreasonably low prices. Maza bought some of the meat and stood accused of having been in league with the manager so that he was liable for theft.

The trial judge ignored the prosecution, whose plea offers were at first 29 years behind the trial court's demand and later were only ahead of the State's second suggested bargain by about a factor of two.

Prior to Maza's hearing, the trial judge stated numerous times out of court in public communications and in court that she intended to give long sentences to those who offended sexually against children. The judge rose to the bench after Maza's deferred adjudication.

Members of the court, if Maza's sentence does not strike you as overly harsh, deny oral argument, deny this petition. But if does not, then oral argument will be very helpful to you, to discuss with you the ways that Maza can be relieved without opening the gates to a flood of half-meritorious attacks on trial judges' long sentences which are within their

sound discretion.

# Statement of the Case

Maza pleaded true to two violations of his deferred adjudication probation. The 13th Court of Appeals reformed the trial court's judgment by removing his obligation to pay attorneys' fees and otherwise affirmed, largely on the ground that as an intermediate appellate court, decisions from this honorable court of criminal appeals prevented it from giving him any other relief. Maza appeals to this honorable court of criminal appeals for a shorter sentence.

# Statement of Procedural History

The 13th court of appeals handed down its opinion June 11, 2015. No motion for rehearing was filed

# Grounds for Review

## 1.

Maza's trial judge's behavior at his motion hearing deprived him of his liberty without due process of law.[1]  The record shows that she was not

---

[1]  U.S. Const. amend. vii.

impartial at the hearing. She was on record as intending to be harsh to "child sex offenders" before the hearing. Her sentencing decision was made without reference to any argument of counsel for the State or for Maza or any evidence at either of the proceedings save what his original charge was.

## 2.

Maza's trial judge deprived him of his liberty other than by due course of the law of the land.[2] The record shows that she was not impartial at the hearing. She was on record as intending to be harsh to "child sex offenders" before the hearing. The record shows that her sentencing decision was made without reference to any argument of counsel for the State or for Maza or any evidence at either of the proceedings save what his original charge was.

## Argument

A court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process.[3] This is clearly what Maza's trial judge did.

The parties have not cited and research has not revealed any case from the Supreme Court of Texas regarding the legal standard that applies

---

[2] Tex. Const. Art. I § 13

[3] McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983) overruled on other grounds by De Leon v. Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004)

when a party moves for recusal of a judge based on the judge's alleged bias, prejudice, or partiality. This court has adopted the legal standard articulated in the majority opinion in *Liteky v. United States. See* 510 U.S. 540, 542–56, 114 S.Ct. 1147, 1150–58, 127 L.Ed.2d 474 (1994); *Samson v. Ghadially,* No. 14–12–00522–CV, 2013 WL 4477863, at *5 (Tex.App.–Houston [14th Dist.] Aug. 20, 2013, no pet.) (mem.op.); *Sommers,* 20 S.W.3d at 41; *Ludlow v. DeBerry,* 959 S.W.2d 265, 271, 282–83 (Tex.App.–Houston [14th Dist.] 1997, no pet.). Under this standard, if a party seeks recusal of a judge based on the judge's alleged bias, prejudice, or partiality and if that party does not show that the alleged bias, prejudice, or partiality arose from events occurring outside of judicial proceedings, then the judge may not be recused unless the judge has displayed a deep-seated favoritism or antagonism that would make fair judgment impossible.[3] *See Liteky,* 510 U.S. at 550–51, 555–56, 114 S.Ct. at 1155, 1157–58; *Sommers,* 20 S.W.3d at 41, 44; *Ludlow,* 959 S.W.2d at 271, 283. A bias, prejudice, or partiality arising from events occurring outside of judicial proceedings arises from an "extrajudicial source." *See Liteky,* 510 U.S. at 550–51, 555–56, 114 S.Ct. at

1155, 1157–58; *Sommers,* 20 S.W.3d at 41, 44.[4]

In this case the 13th court of appeals has so far sanctioned a departure by Maza's trial judge as to call for an exercise of the Court of Criminal Appeals' power of supervision.[5]

On June 12, 2007, Appellant was charged by indictment with one count of Aggravated Sexual Assault and two counts of Indecency with a Child. (I C.R. at 2-3). Appellant entered a plea of guilty to Aggravated Sexual Assault and was placed of deferred adjudication community supervision for a period of seven (7) years. (I C.R. at 88). On September 20, 2013, the prosecution filed a Motion to Revoke Community Supervision. (I. C.R. at 105-107). On November 26, 2013, the trial court, after a hearing and evidence presented, adjudicated Appellant's guilt, entered a conviction, and sentenced Appellant to thirty five (35) years in the Institutional Division of the Texas Department of Criminal Justice. (I. C.R. at 140). On November 26, 2013, the trial court certified Appellant's right to appeal. (I.

---

[4] Fox v. Alberto, 455 S.W.3d 659, 666 (Tex. App. 2014), reh'g overruled (Mar. 3, 2015)
[5] Tex. R. App. P. 66.3

C.R. at 136). On December 30, 2013, Appellant filed a Motion for New Trial. (I. C.R. at 146-149).

Appellant filed notice of appeal on February 25, 2014. (I C.R. at 154).

Appellant entered a plea of guilty to Aggravated Sexual Assault and was placed of deferred adjudication community supervision for a period of seven (7) years. (I C.R. at 88). Appellant completed nearly the entire term of deferred adjudication communtiy supervision. (I R.R. at 19). On September 20, 2013, the prosecution filed a Motion to Revoke Community Supervision. (I C.R. at 105-107). A hearing was conducted in which evidence was presented on November 26, 2013. (I R.R. at 3). A pre-post sentence investigative report was prepared and entered into evidence. (I R.R. at 5). Mr. Maza is a good person, who is a good father and good husband. (I R.R. at 8). He is not someone that would be a problem for society when released from custody. (I R.R. at 9). Mr. Maza's wife testified that a sentence of seven (7) years would be best for Mr. Maza's children. (I. R.R. at 14). Mr. Maza provided for his family, paying rent and other bills. (I. R.R. at 14). Mr. Maza has four (4) children. (I.R.R. at 14). While on

probation, Mr. Maza did not fail to report. (I R.R. at 21). Mr. Maza paid his fines regularly was slightly delinquent. (I R.R. at 21). Mr. Maza was facing new charges for allegedly stealing approximately one hundred dollars worth of meat. (I R.R. at 22). Mr. Maza also tested positive twice for alcohol use. (I R.R. at 22). Mr. Maza testified on his own behalf at the hearing. (I R.R. at 26).

Appellant entered a plea of guilty to Aggravated Sexual Assault and was placed of deferred adjudication community supervision for a period of seven (7) years. (I C.R. at 88). On September 20, 2013, the prosecution filed a Motion to Revoke Community Supervision. (I. C.R. at 105-107). On November 26, 2013, the trial court, after a hearing and evidence presented, adjudicated Appellant's guilt, entered a conviction, and sentenced Appellant to thirty five (35) years in the Institutional Division of the Texas Department of Criminal Justice. (I. C.R. at 140). During closing arguments the prosecution asked the court to assess punishment at less than half of what Appellant actually received. (I R.R. at 40). During testimony, evidence was presented that there were plea negotiations in which the

prosecution offered a an agreement in return for a plea of true to seven years in prison, one fifth of the sentence assessed. (I R.R. at 13-14, 38).

B.      PRESERVATION OF ERROR

Generally, to preserve error for appellate review, the appellant must make a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP. P. 33.1(a)(1)(A); *Layton v. State*, 280 S.W.3d 235, 238-39 (Tex.Crim.App.2009). The Court of Criminal Appeals has recognized, however, that an appellant may raise for the first time on appeal claims that certain "fundamental" rights were violated. *Saldano v. State*, 70 S.W.3d 873, 887 (Tex.Crim.App.2002); *see also Marin v. State*, 851 S.W.2d 275, 279 (Tex.Crim.App.1993) ("All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong. Many constitutional rights fall into this category."), overruled on other grounds, *Cain v. State*, 947 S.W.2d 262 (Tex.Crim.App.1997). In *Saldano*, the court noted that the general error preservation requirement does not apply to "two relatively small categories of errors: violations of rights which are

waivable only' and denials of 'absolute systemic requirements.' Such errors may be raised for the first time on appeal." 70 S.W.3d at 888 (quoting *Marin*, 851 S.W.2d at 280); *see also Marin*, 851 S.W.2d at 279 (listing right to assistance of counsel and right to jury trial as examples of " rights which are waivable only" and laws affecting jurisdiction of trial court as examples of " absolute systemic requirements")

In Marin the Court discussed three types of rights: 1) absolute requirements and prohibitions; 2) rights of litigants which must be implemented by the system unless expressly waived, 3) rights of litigants which are implement upon request. Texas law of procedural default only applies to the last category. *Id.*

Additionally, in *Garza* the Court of Criminal Appeals recognized that both the Supreme Court of the United States of America and the Court of Criminal Appeals excuses procedural default in such cases because to not do so would be manifestly unjust. *Id.*; *Reed v. Ross*, 468 U.S. 1, 15-16 (1984). In *Reed* the Supreme Court of the United States of America wrote:

> [T]he failure of counsel to raise a constitutional issue reasonably

unknown to him is one situation in which the [cause] requirement is met. If counsel has no reasonable basis upon which to formulate a constitutional question... it is safe to assume that he is sufficiently unaware of the question's latent existence that we cannot attribute to him strategic motives of any sort.... Accordingly, we hold that where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.

*Id*. This has been recognized as the Right Not Recognized Approach. *Id*. (Cochran, J. Concurring).

## Prayer

It is respectfully submitted and requested that for the foregoing reasons, Petitioner Richard Lee Maza prays that this Honorable Court of Criminal Appeals of Texas reverse the trial court's judgment as to punishment and remand for a new hearing.

RESPECTFULLY SUBMITTED,

Bob Mabry
Attorney at Law
2002 Timberloch Place, Ste. 200

The Woodlands, Texas   77380
TBN: 12750980
Telephone: 936.228.7796
Facsimile: 866.394.3113

Joshua Zientek
Attorney at Law
504 W. Lewis St.
Conroe, Texas 77301
TBN: 24063781
Telephone: 936.760.2889
Facsimile: 936.760.2892

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been faxed

to Appellee's attorney at the following address on _____:

William Dellmore
Assistant District Attorneys
Montgomery County District Attorney's Office
207 W. Phillips
2nd Floor
Conroe, Texas 77301

_____
BOB MABRY
Attorney at Law
2002 Timberloch Place, Ste.

200

The Woodlands, Texas    77380
TBN: 12750980
Telephone: 936.228.7796
Facsimile: 866.394.3113


_____
Joshua Zientek
Attorney at Law
504 W. Lewis St.
Conroe, Texas 77301
Telephone: 936.760.2889
Facsimile: 936.760.2892

## CERTIFICATE OF COMPLIANCE

I certify that a copy of the above and foregoing Appellant's Brief has a

word count of 2213 after excluding the Table of Contents, Table of Authorities, Certifications and Cover Pages.

_____

Bob Mabry

# Appendix

Print this page

# Case # PD-0873-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 08/13/2015 12:08:31 AM |
| Case Number | PD-0873-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Bobby Mabry |
| Firm Name | Bob Mabry, Attorney at Law, PLLC |
| Filed By | Bobby Mabry |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | File and ServeXpress Global |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 10611150 |
| Order # | 006474473-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Maza's Petition for Discretionary Review |
| Reference Number | 57707532 |
| Comments | Sorry about technical problems which caused lateness. |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 08/17/2015 | The petition for discretionary review does not contain a copy of the court of appeals |

| | | |
|---|---|---|
| Other | 12:53:17 PM | opinion [Rule 68.4(j)]. The petition does not have attorney's signature [Rule 9.1(c)(1)]. Appellant's petition was due August 12, 2015; the petition was transmitted 1 day late on August 13, 2015. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | 1.PDF | [Original] |